UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
GOLDEN UNICORN ENTERPRISES, INC., *on behalf* :
*of themselves and all those similarly situated*, et al., :
: 21-CV-7059 (JMF)
Plaintiffs, :
:
-v- : MEMORANDUM OPINION
: AND ORDER
AUDIBLE, INC., :
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    In this case, familiarity with which is assumed, Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, LLC sue Defendant Audible, Inc. for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *See* ECF No. 1 ("Compl."). Audible moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of Plaintiffs' implied covenant and unjust enrichment claims. *See* ECF Nos. 16-17.

    Upon review of the parties' motion papers, the Court denies Audible's motion to dismiss the implied covenant claim. It is true that "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) (cleaned up). Thus, "when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Id.* Here, however, Plaintiffs' implied covenant claim is *not* based on the "same facts." Instead, the gravamen of the claim is that Audible encouraged and induced subscribers and customers to exchange unlimited numbers of audiobooks and that, by doing so, Audible deprived Plaintiffs of the fruits of the contract even if such exchanges qualified as "returns"

within the meaning of the contract. *See* Compl. ¶¶ 67-69, 101, 107. It follows that the claim is not redundant and, thus, survives.

By contrast, Plaintiffs' unjust enrichment claim must be and is dismissed as duplicative of their contract claim. Under New York law, "a party can pursue alternative claims for unjust enrichment . . . and breach of contract . . . *only* where there is a bona fide dispute as to whether an express contract governs the subject matter of the disagreement." *Philip Morris Cap. Corp. v. Nat'l R.R. Passenger Corp.*, No. 19-CV-10378 (JMF), 2021 WL 797671, at *7 (S.D.N.Y. Feb. 26, 2021) (cleaned up). But here there is no such dispute. *See* ECF No. 32, at 1 (confirming that "neither party disputes the validity and enforceability" of the operative agreements); *id.* at 7 n.3 ("Neither Plaintiffs nor Audible dispute [sic] the existence of valid and enforceable contracts."). Accordingly, dismissal of the unjust enrichment claim is appropriate. *See, e.g.*, *INTL FCStone Markets, LLC v. Agro Santino OOD*, No. 20-CV-2658 (JMF), 2021 WL 2354567, at *1 (S.D.N.Y. June 9, 2021); *In re Columbia Tuition Refund Action*, 523 F. Supp. 3d 414, 430 (S.D.N.Y. 2021) (citing cases); *Philip Morris Cap. Corp.*, 2021 WL 797671, at *8 (same).

For the foregoing reasons, Audible's motion to dismiss is GRANTED as to the unjust enrichment claim and DENIED as to the implied covenant claim. Moreover, because the problem with Plaintiffs' unjust enrichment claim is substantive, and Plaintiffs neither request leave to amend nor suggest that they are in possession of facts that could cure the problems, the Court denies Plaintiffs leave to amend. *See, e.g.*, *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53-54 (2d Cir. 1999).

The Clerk of Court is directed to terminate ECF No. 16.

SO ORDERED.

Dated: December 8, 2021
New York, New York

JESSE M. FURMAN
United States District Judge