

North Carolina | South Carolina
Asheville  Morganton | Greenville
Charlotte  New Bern
Durham  Raleigh
Fayetteville  Roanoke Rapids
Goldsboro  Rocky Mount
Greensboro  Sanford
Greenville  Wilson
Henderson  Winston-Salem

LAW OFFICES OF

**JAMES SCOTT FARRIN**

www.farrin.com

280 South Mangum Street, Suite 400
Durham, North Carolina, 27701
(800) 220-7321 (P)
(800) 716-7881 (F)

Tax ID: 56-2046742

September 30, 2022

**By CM/ECF**

The Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
Thurgood Marshall Courthouse
40 Centre Street, Room 2202
New York, NY 10007

Re: *Golden Unicorn Enters., Inc. v. Audible, Inc.*, 1:21-cv-7059-JMF

Dear Judge Furman:

Plaintiffs write in response to Defendant Audible's letter motion to seal, ECF No. 79, and Your Honor's Order temporarily granting the motion, ECF No. 82. Specifically, Plaintiffs respectfully request that the unredacted documents filed under seal, ECF Nos. 81-1, 81-2, 81-3, and 81-4, remain under seal.

Plaintiffs note first that Audible filed narrowly redacted versions of these documents as ECF Nos. 80-2, 80-3, 80-5 and 80-8; these filings were public, not made under seal. In producing these documents to Audible in recent weeks, Plaintiffs had designated each of these documents as "confidential" or "highly confidential" under the Protective Order in this action. Both designations depend on Plaintiffs' determination that a document contains "previously non-disclosed financial information," "previously non-disclosed information relating to ownership or control of any non-public company," or "previously non-disclosed business plans." *See* ECF No. 44, 8(a)–(c). The documents could therefore be disclosed only to certain enumerated persons, including the Court itself, ECF No. 44, ¶ 8(h), and not in public filings; however, Plaintiffs consented to public filing of redacted versions of the documents. Plaintiffs performed the redactions and provided the redacted versions to Audible.

Plaintiffs performed the following redactions on these documents.

ECF No. 80-2: This exhibit is a series of e-mails between Annette Stone and a German company that translates and produces Audiobooks in German. Plaintiffs redacted the name of the company, its contact information, the name of its representative and his e-mail address, the names of particular Audiobooks that, if publicly known, would identify the company. Plaintiffs also redacted pricing information that is not publicly known.

ECF No. 80-3: This exhibit is a series of e-mails between Annette Stone and Golden Unicorn Enterprises employee Srikanth Bonthu. The e-mails discuss three designers of book covers and the designers' pricing information. Plaintiffs redacted the names of the companies, their contact information, the names of their representatives and their e-mail addresses, and a link to examples of one company's works that, if publicly known, could identify the company. Plaintiffs also redacted pricing information that is not publicly known.

ECF No. 80-5: This exhibit is a series of e-mails between Annette Stone and a company that translates and produces Audiobooks in Spanish. Plaintiffs redacted the name of the company, its contact information, and the name of its owner and her e-mail address. Plaintiffs also redacted pricing information that is not publicly known.[1]

---

[1] Plaintiffs also improvidently redacted a portion of a URL, https://www.bookwire.de/fileadmin/customer/documents/Whitepapers/Bookwire_Dosdoce_Spanish_Markets_Digital_Report_2021.pdf. On further review, Plaintiffs believe that this URL is not related to any privacy

ECF No. 80-8: This exhibit is an e-mail exchange among Ms. Stone and other vendors of Golden Unicorn Enterprises regarding a missing portion of an Audiobook downloaded from Audible. Plaintiffs have redacted solely the name and e-mail address of the reader who alerted Golden Unicorn Enterprises of the omission.

Members of the public have a presumptive right to judicial proceedings under both the common law and the First Amendment. However, any right of access is not absolute. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120, n. 4 (2d Cir. 2006). A document "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "Case law has held that 'the privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted.'" *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 740 (S.D.N.Y. 2018) (quoting *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

The sealed documents are identical to publicly filed documents with the exception of the redactions described above. These redactions were performed in good faith and are "narrowly tailored" to protect "the privacy interests of innocent third parties." *See Lugosch*, 435 F.3d at 120; *Chigirinskiy*, 319 F. Supp. 3d at 740. The unsealing of the documents, therefore, would provide the public with no further information other than information that embodies those privacy interests. Plaintiffs note further that Your Honor and the parties did not discuss the identities of these third parties or those parties' business information at the September 29, 2022, discovery conference, and these particulars do not appear to have been pertinent to Your Honor's disposition of Audible's underlying Motion to Compel, ECF No. 75.

Plaintiffs therefore respectfully ask that the four exhibits in question, ECF Nos. 81-1, 81-2, 81-3, and 81-4, remain under seal.

Respectfully yours,

/s/ Gary W. Jackson
Gary W. Jackson
Law Offices of James Scott Farrin
280 S. Mangum Street, Suite 400
Durham, NC 27701
(919) 227-1913
gjackson@farrin.com

/s/ Mitchell M. Breit
Mitchell M. Breit
Milberg Coleman Bryson Phillips & Grossman
One Pennsylvania Plaza, Floor 50
New York, NY 10119
(347) 668-8445
mbreit@milberg.com

*Counsel for Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, LLC*

Cc: All counsel of record (via ECF)

Application GRANTED. ECF Nos. 81-1, 81-2, 81-3, and 81-4 shall remain under seal as the privacy interests at stake outweigh the public right of access to the unredacted documents. The Clerk of Court is directed to terminate ECF No. 84. SO ORDERED.

October 3, 2022

---

interest of the company or its owner because neither the URL nor the linked report identifies the company or its owner.