UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
GOLDEN UNICORN ENTERPRISES, INC., *on behalf* :
*of themselves and all those similarly situated*, et al., :
: 21-CV-7059 (JMF)
Plaintiffs, :
:
-v- : MEMORANDUM OPINION
: AND ORDER
AUDIBLE, INC., :
:
Defendant. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

In this case, familiarity with which is assumed, Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, LLC sue Defendant Audible, Inc. ("Audible") for breach of contract and breach of the implied covenant of good faith. *See* ECF No. 1 ("Compl."). In a Memorandum Opinion and Order entered on December 8, 2021, the Court denied Audible's motion to dismiss the implied covenant claim as duplicative, on the ground that it was "not based on the same facts" as the contract claim. ECF No. 33, at 1 (emphasis omitted). Audible now moves to dismiss the claim again, this time by way of a motion for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* ECF No. 72. Audible argues that dismissal is required in light of the Second Circuit's decision in *JN Contemporary Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118 (2d Cir. 2022), which, according to Audible, resolved a split among district courts and "confirmed that duplicative damages alone are a sufficient basis to dismiss an implied covenant claim." ECF No. 76, at 1.

Audible's motion is denied. For starters, there is reason to hesitate before adopting Audible's reading of *JN Contemporary*, which rests on a single sentence: "Even accepting JN's

arguments that it set out a different factual basis for this claim than the factual basis set out in its breach of contract claim, the damages sought for both claims would be the same: compensation for the lost sale." *JN Contemp.*, 29 F.4th at 128.  Put simply, assuming for the sake of argument that Audible is correct and there is a split among district courts on when a plaintiff can plead both a contract claim and an implied covenant claim, the Court doubts that the Second Circuit intended to resolve that split in a throwaway sentence that does not acknowledge the issue, let alone engage in any analysis.  (If Audible is wrong and there is no such split, there is all the more reason to doubt that the Second Circuit would have adopted a dramatic shift in the law without acknowledgment or analysis.)  Be that as it may, the Court concludes that, even if Audible's reading of *JN Contemporary* is correct, further factual development is required to determine if Plaintiffs' two claims actually seek the same damages.  Accordingly, Audible's motion for judgment on the pleadings is DENIED without prejudice to renewal of the argument on summary judgment.  The Clerk of Court is directed to terminate ECF No. 72.

    SO ORDERED.

Dated: October 6, 2022
       New York, New York                               _____
                                                        JESSE M. FURMAN
                                                        United States District Judge