UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDEN UNICORN ENTERPRISES, Inc.;
and BIG DOG BOOKS, LLC, *on behalf of themselves and all those similarly situated*,

                Plaintiffs,

vs.

AUDIBLE, Inc.

                Defendant.

Case No: 1:21-CV-07059-JMF

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY COLEEN BARR SHOULD NOT BE HELD IN CIVIL CONTEMPT AND MOTION FOR OTHER RELIEF

Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, Inc., hereby submit this brief in support of their Motion for an Order to Show Cause why Coleen Barr, a former employee of Defendant Audible, Inc., should not be held in civil contempt for defying a subpoena validly served on her pursuant to Rule 45 or, in the alternative, to request issuance of a so-ordered subpoena to Ms. Barr. Plaintiffs served Ms. Barr with a subpoena requiring testimony on October 12, 2022, but then, to accommodate the availability of Audible's counsel and the ostensible availability of Ms. Barr, served a second subpoena on Ms. Barr for November 8, 2022, which Ms. Barr defied.

### FACTUAL BACKGROUND

Plaintiffs served their first subpoena on Ms. Barr on September 26, 2022. *See* Exhs. A, B. The subpoena required Ms. Barr's appearance at the meeting room of the Hampton Inn, 29 Golden Ridge Road, Monticello, New York, 12701, approximately 15 minutes from her home, at 9 a.m. on October 12, 2022. Plaintiffs enclosed a check for $152.50, as required by Rule 45(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1821, reflecting the statutory witness fee of $40,

Case 1:21-cv-07059-JMF   Document 96   Filed 11/15/22   Page 2 of 7

one hour of roundtrip travel at $100 per hour, and compensation for 20 miles of travel by personal vehicle at the federally specified mileage rate of $0.625.

Plaintiffs served the subpoena by FedEx, return receipt requested. Ms. Barr signed for the package at 2:19 p.m. on September 26. *See* Exh. B. Ms. Barr called from the phone number 201-707-7864 and left a voicemail for Chris Bagley, attorney for Plaintiffs, at 2:28 p.m., saying in part:

> I received a subpoena from you for the *Golden Unicorn Enters. Inc. versus Audible* … thing. I'm under NDA, I can't discuss trade secrets or confidential information. I no longer work for Audible, and I know Jan [Bonthu, sole shareholder of Golden Unicorn Enterprises, Inc.] and Sawyer [Bennett, pen name of Elizabeth Noble, sole member of Plaintiff Big Dog Books, LLC]. They're my clients, but I can't, I mean, if I, like, you're sending me $152 to share information that Audible has expressly told me that I can't share or else they will sue me, I mean, anything -- trade secrets or they will sue me to forever, so, like, I don't know what you want me to do here.

Mr. Bagley returned Ms. Barr's call at 4:10 p.m. on the same day, and they spoke. Ms. Barr again confirmed familiarity with the subject matter of the lawsuit and made a statement to the effect of "You can't win this lawsuit without me." Unquestionably, Ms. Barr actually received the subpoena, and understood what it was, what was required of her, and why her testimony was being sought.

Plaintiffs served notice of the subpoena on Audible's counsel on the afternoon of September 26, 2022. Audible's counsel responded three days later, on September 29, 2022, asserting that none of the seven attorneys who had entered appearances for Audible would be available on October 12, 2022. Audible also asserted to Plaintiffs on October 4 and 5, 2022, that the subpoena was not validly served. Exh. C. Around this time, Audible communicated with Ms. Barr and apparently convinced her that service of the subpoena on her was invalid and that she was not required to appear for the deposition. *See* Exhs. D, E, F.

On the evening of October 10, 2022, Plaintiffs counsel, Audible's counsel, and Ms. Barr agreed for the deposition to be moved to November 8, 2022. *See* Exhs. C, G, H, I. Ms. Barr

2

furthermore confirmed her awareness that her non-disclosure agreement as a former Audible employee allows her, by its own terms, to testify at a judicial proceeding such as a deposition. *See* Exh. J.[1]

Plaintiffs issued a new subpoena – for November 8, 2022 – and engaged a process server to effect personal service on Ms. Barr so as to avoid any objection, however misplaced. *See* Exhs. K, L. That process server visited Ms. Barr's home on October 22, 24, and 28, 2022, but no person answered the door. Finally, on November 4, the process server visited Ms. Barr's home, determined based on noise inside the home that one or more persons were present but refused to answer the door, and then affixed a copy of the new subpoena on the door. *See* Exh. L. The process server then mailed the subpoena.

Counsel for Plaintiffs and Audible appeared at the Hampton Inn at 9 a.m. on November 8, 2022, the place and time specified by the subpoena. *See* Exh. M. Ms. Barr did not. *Id.*

## GOVERNING LAW

The Southern District of New York has recognized service of subpoena by U.S. certified mail or private delivery vendor such as FedEx, as valid. "There is no Second Circuit case law interpreting the Rule 45 requirement of 'deliver[y]' as requiring personal service." *Kenyon v. Simon & Schuster, Inc.*, No. 16 MISC. 327 (P1), 2016 WL 5930265, at *3 (S.D.N.Y. 2016) (quoting *Tube City IMS, LLC v. Anza Capital Partners, LLC*, No. 14 Civ. 1783(PAE), 2014 WL 6361746, at *2 (S.D.N.Y. 2014)). The Southern District in at least one instance has approved other means of serving a subpoena without prior application by the serving party. *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (citing *Kenyon*, at *3).

---

[1] Plaintiffs are contemporaneously submitting a declaration from Chris Bagley, Counsel for Plaintiffs, to authenticate these text messages from Ms. Barr. *See* Exh. N.

3

Rule 308 of New York's Civil Practice Law and Rules provides that personal service upon a natural person may be made:

(1) by delivering the summons within the state to the person to be served; or

(2) by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business … or

(3) …

(4) where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business …

N.Y. C.P.L.R. 308 (McKinney).

Under Rule 45 of the Federal Rules of Civil Procedure, a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Loc. 807 Lab. Mgmt. Pension Fund v. City Elevator Corp.*, No. 19-CV-4688-ENV-CLP, 2021 WL 7906554, at *1 (E.D.N.Y. 2021) (quoting Fed. R. Civ. P. 45(g)). Where personal service of a subpoena is not effected, alternative service of a subpoena should be "calculated to provide timely actual notice." *Pence*, 322 F.R.D. at 455 (quoting *Tube City*, at *2). Where service is effected, a court may compel a subpoenaed witness to appear at a deposition at a place and time

to be chosen by the subpoenaing party, on pain of contempt. *Roytlender v. D. Malek Realty, LLC*, No. 21-CV-52-MKB-JMW, 2022 WL 10193408, at *1 (E.D.N.Y. 2022). Should the court choose not to grant any of those remedies, it may issue a subpoena, as an order, to the desired witness. *See Fernandez v. HW Farren, LLC*, No. 1:21-CV-1717-JPC-SDA, 2022 WL 576350, at *1 (S.D.N.Y. 2022).

## ANALYSIS

Based on factual background detailed above, it is clear that Plaintiffs' modes of service for the November 8, 2022, deposition, were calculated to provide Ms. Barr "timely actual notice." To wit, Plaintiffs followed the procedure set out in C.P.L.R. 308 *after* Ms. Barr acknowledged that she was available on that date. It is furthermore clear that Ms. Barr actually received "timely actual notice" and that she was fully aware that she was scheduled to be deposed near her home on October 12, 2022, and rescheduled for deposition on November 8, 2022, at the same location near her home. *See Pence*, 322 F.R.D. at 455.

Plaintiffs have made every effort to resolve this issue informally without resort to the Court. Such efforts included speaking with and texting with Ms. Barr, moving the deposition date to accommodate what she claimed was her schedule, and attempting to (re)serve the subpoena four times before resorting to "nail and mail" service pursuant to CPLR, Rule 308.

## CONCLUSION

Plaintiffs therefore respectfully ask the Court to order Coleen Barr to show cause why she should not be held in contempt for failure to comply with Plaintiffs' subpoena for deposition testimony, or other alternative relief as the Court deems just and appropriate. Plaintiffs are contemporaneously filing a proposed Order to Show Cause and a proposed subpoena with a request that the Court issue said subpoena as its own order.

Finally, Plaintiffs respectfully note that the Court has ordered that fact discovery conclude by November 29, 2022, and respectfully ask that the Court consider this deadline in considering whether and what relief shall be granted.

Respectfully submitted, this 15th day of November 2022.

| | |
|---|---|
| **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** | **LAW OFFICES OF JAMES SCOTT FARRIN** |
| By: */s/ Mitchell M. Breit* <br> Mitchell M. Breit (N.Y. Bar No. 2337954) <br> Andrei Rado (N.Y. Bar No. 3047289) <br> Leland Belew (Admitted *pro hac vice*) <br> 100 Garden City Plaza, Suite 500 <br> Garden City, NY 11530-3207 <br> Telephone: (212) 594-5300 <br> mbreit@milberg.com <br> arado@milberg.com <br> lbelew@milberg.com | By: */s/ Christopher R. Bagley* <br> Gary W. Jackson (N.Y. Bar No. 2013779) <br> Chris Bagley (Admitted *pro hac vice*) <br> 555 S. Mangum Street, Suite 800 <br> Durham, North Carolina 27701 <br> Telephone: (919) 688-4991 <br> Facsimile: (984) 227-6962 <br> gjackson@farrin.com <br> cbagley@farrin.com |

*Counsel for Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, LLC*

**CERTIFICATE OF SERVICE**

I, Christopher R. Bagley, certify that I filed the foregoing document and attachments with the Court's Electronic Case Filing ("ECF") system on November 15, 2022. This filing via ECF automatically generates a Notice of Electronic Filing ("NEF"), which constitutes proof of service of the filed document upon all registered users. Service has thus been accomplished through by NEF for all parties and counsel who are registered users of the Court's ECF system.

The undersigned furthermore certifies that he caused the foregoing document and exhibits to be served on Coleen Barr via FedEx overnight service at

Coleen Barr
20 Berne Court
Woodridge, NY 12789-5803


This the 15th day of November 2022.


/s/ Christopher R. Bagley
Christopher R. Bagley