UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOLDEN UNICORN ENTERPRISES, Inc.; and BIG DOG BOOKS, LLC, *on behalf of themselves and all those similarly situated*,<br><br>                              Plaintiffs,<br><br>vs.<br><br>AUDIBLE, Inc.<br><br>                              Defendant. | Case No: 1:21-CV-07059-JMF |

## MEMORANDUM OF LAW IN SUPPORT OF PETITION TO HOLD COLEEN BARR IN CIVIL CONTEMPT OF COURT FOR FAILING TO APPEAR AT COURT-ORDERED DEPOSITION

Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, Inc., submit this Memorandum of Law in Support of their Petition to Hold Coleen Barr in Civil Contempt of Court for Failing to Appear at Court-Ordered Deposition.

Plaintiffs have attempted to obtain testimony from Ms. Barr, a former employee of Defendant Audible, over the course of two months. This factual and procedural background is recounted at length in Plaintiffs' filings, ECF Nos. 95–96, and a Court Order, ECF No. 106.

Following and in compliance with the Court's Order, ECF No. 106, Plaintiffs served that Order on Ms. Barr on November 30, 2022. *See* ECF No. 107. Plaintiffs also immediately notified Ms. Barr of that service by text message, and for her convenience requested that she provide dates when she could be available. *See* Exh. A.

Ms. Barr did not respond to suggest any such dates.

Following and in compliance with the Court's Order, ECF No. 106, Plaintiffs and Audible conferred and determined that both were available for Plaintiffs to depose Ms. Barr at 9 a.m. on December 8, 2022, at the Hampton Inn in Monticello, New York, approximately ten miles from her home in Woodridge, New York, and approximately ninety miles from Manhattan, where counsel for Audible and Plaintiffs maintain offices.

On December 1, 2022, Plaintiffs filed a subpoena as a proposed order with a request that the Court issue it as a so-ordered subpoena. *See* ECF Nos. 108, 108-1. The subpoena commanded Ms. Barr to appear at the time and place discussed above. The Court ordered the subpoena by endorsement and e-mailed it to the parties on Friday, December 2, 2022. *See* Exh. B.

Plaintiffs caused the subpoena to be sent by overnight FedEx that same afternoon for delivery by Saturday, December 3, 2022, at 4:30 p.m. It was delivered Monday, December 5, 2022, at 2:10 p.m. *See* Exh. C. Plaintiffs sent Ms. Barr a text message that afternoon to notify her that the package had been delivered. *See* Exh. D.

Ms. Barr replied by text message that the service was invalid, but nonetheless confirmed by a subsequent text message that she would appear at the deposition on December 8, 2022. *See* Exh. E.

Additionally, Plaintiffs attempted personal service four times on December 6 and 7, 2022. *See* Exh. F. As with attempts to effect personal service of an earlier subpoena, the process server observed activity in the house but no answer at the door. *See id.*

Counsel for Plaintiffs and Audible were at the Hampton Inn, the place designated for the deposition, well before 9 a.m. on December 8, 2022, along with the videographer and, remotely, the court reporter. Ms. Barr arrived around 9:15 a.m., on December 8, 2022, fifteen minutes after the designated time, and announced to counsel for the parties that she would not testify. Ms. Barr stated that she would file a motion to quash the subpoena later that day. Ms. Barr then left the premises. Counsel for the parties subsequently recited the morning's events into the record. *See* Exh. G.

Around the same time, Ms. Barr e-mailed other attorneys who represented the parties but were not physically present at the deposition to inform them that she had appeared but refused to testify. *See* Exh. H.

Plaintiffs have attempted to obtain testimony from Ms. Barr, a former employee of Defendant Audible, over the course of two months. *See* ECF Nos. 95–97, 106. Plaintiffs have served three subpoenas for deposition testimony on Ms. Barr, one for October 12, 2022; one for

2

November 8, 2022; and the third for December 8, 2022. *See* ECF Nos. 95–97, 106, Exhs. B, C. The third subpoena was ordered by the Court. *See* ECF No. 97; Exhs. B, C. Barr and the parties agreed to postpone the first of the three depositions. *See* ECF Nos. 95–96. Ms. Barr defied the second and third. *See* ECF Nos. 95–97, 106; Exhs. B, C, G, H, I. Throughout, Ms. Barr demonstrated actual knowledge of the depositions' purpose and that her attendance was required. *See* ECF Nos. 96, 96-4, 96-5, 96-6, 96-7, 96-8, 96-9; Exhs. A, D, E, F, G, H, I.

The Federal Rules of Civil Procedure provide that the Court issuing a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20 CV 1214 (FB) (LB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021) (quoting Fed. R. Civ. P. 45(g)), *report and recommendation adopted sub nom. Gov't Emp. Ins. Co. v. N. Med. Care, P.C.*, No. 1:20-CV-01214-FB-LB, 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021). It is appropriate to hold a party in civil contempt for failure to comply with a court order if: "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Id.* (quoting *Giuliano v. N.B. Marble Granite*, 11-MC-00753, 2014 WL 2805100, at *5 (E.D.N.Y. June 20, 2014). A penalty of $200.00 per day lasting until eventual compliance with a subpoena, plus costs resulting from initial noncompliance, has been deemed reasonable by a federal court. *Tracfone Wireless, Inc. v. LaMarsh*, 307 F.R.D. 173, 176 (W.D. Pa. 2015).

The subpoena ordered by the Court was clear and unambiguous, containing relevant portions of Rule 45 in clear typeface. *See* Exh. B. Ms. Barr acknowledged having read this language. *See* ECF No. 96-14. The proof of Ms. Barr's noncompliance is clear and unambiguous. *See* Exhs. G, H, I. Over a period of two months, Ms. Barr has not just failed to comply but has diligently <u>avoided</u> compliance in a reasonable manner. *See* Exhs. G, H, I; ECF Nos. 95–96, 96-13. Indeed, she has misled Plaintiffs about her intention to appear. *See* Exh. E.

For the foregoing reasons, Plaintiffs respectfully submit that Coleen Barr has defied the subpoena ordered by the Court such that she should be held in contempt. Plaintiffs furthermore petition the Court to enter such an order and penalize Ms. Barr $200.00 per day, or whatever daily sum the Court deems just and necessary to compel testimony from Ms. Barr, until she testifies at a time and place agreeable to all the parties. Plaintiffs furthermore respectfully petition the Court

to order Ms. Barr to reimburse them for all costs they have incurred for this deposition and the prior deposition for which she defied a subpoena, including service of process, transcription, videography, and meeting-room accommodation in amounts to be established by Plaintiffs upon their receipt of invoices for said services.

Respectfully submitted, this 9th day of December 2022.

| **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** | **LAW OFFICES OF JAMES SCOTT FARRIN** |
|---|---|
| By:  */s/ Mitchell M. Breit* <br> Mitchell M. Breit (N.Y. Bar No. 2337954) <br> Andrei Rado (N.Y. Bar No. 3047289) <br> Leland Belew (Admitted *pro hac vice*) <br> 100 Garden City Plaza, Suite 500 <br> Garden City, NY 11530-3207 <br> Telephone: (212) 594-5300 <br> mbreit@milberg.com <br> arado@milberg.com <br> lbelew@milberg.com | By:  */s/ Christopher R. Bagley* <br> Gary W. Jackson (N.Y. Bar No. 2013779) <br> Chris Bagley (Admitted *pro hac vice*) <br> 555 S. Mangum Street, Suite 800 <br> Durham, North Carolina 27701 <br> Telephone: (919) 688-4991 <br> Facsimile: (984) 227-6962 <br> gjackson@farrin.com <br> cbagley@farrin.com |

*Counsel for Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, LLC*

**CERTIFICATE OF SERVICE**

I, Christopher R. Bagley, certify that I filed the foregoing document with the Court's Electronic Case Filing ("ECF") system on December 9, 2022. This filing via ECF automatically generates a Notice of Electronic Filing ("NEF"), which constitutes proof of service of the filed document upon all registered users. Service has thus been accomplished through by NEF for all parties and counsel who are registered users of the Court's ECF system.

The undersigned furthermore certifies that he will cause the foregoing document to be served on Coleen Barr via FedEx overnight service at

Coleen Barr
20 Berne Court
Woodridge, NY 12789-5803


This the 9th day of December 2022.

*/s/ Christopher R. Bagley*
Christopher R. Bagley

5