UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
GOLDEN UNICORN ENTERPRISES, INC. and BIG :
DOG BOOKS, LLC, *on behalf of themselves and all* :
*others similarly situated*, :
: 21-CV-7059 (JMF)
Plaintiffs, :
: MEMORANDUM OPINION
-v- : AND ORDER
:
AUDIBLE, INC., :
:
Defendant. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On December 9, 2022, Plaintiffs filed a motion seeking to hold third-party witness Coleen Barr in civil contempt. ECF No. 114. The Court ordered any opposition to be filed by December 21, 2022, ECF No. 116, but to date, none has been filed.

      Plaintiffs served Ms. Barr with the so-ordered subpoena for a December 8, 2022 deposition via Fedex on December 5, 2022. *See* ECF Nos. 115-2, 115-3. Plaintiffs also attempted personal service four times but were not able to reach Ms. Barr. *See* ECF No. 115-6; ECF No. 115 ("Pls.' Mem."), at 2. Despite that, Ms. Barr confirmed via text message that she had received actual notice of the subpoena. *See* ECF No. 115-5. Ms. Barr then came to the deposition on December 8, 2022, stated that she would not testify, and informed counsel that she planned to file a motion to quash the subpoena. ECF No. 115-7. Ms. Barr has not done so.

      Rule 45(g) of the Federal Rules of Civil Procedure provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Civil contempt is appropriate if "(1) the order the contemnor failed to

comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Gov't Emps. Ins. Co. v. N. Med. Care, P.C.*, No. 20-CV-1214 (FB), 2021 WL 7906537, at *1 (E.D.N.Y. Nov. 3, 2021), *adopted*, 2021 WL 7906536 (E.D.N.Y. Dec. 29, 2021) (internal quotation marks omitted)).  All of these requirements are met here.

As an initial matter, service of the so-ordered subpoena via Fedex was proper.  Rule 45 does not require personal service of a subpoena, so long as the alternative form of service is reasonably calculated to ensure the witness receives the subpoena.  *See, e.g.*, *SEC v. Pence*, 322 F.R.D. 450, 453-54 (S.D.N.Y. 2017).  Fedex service was reasonably calculated to reach Ms. Barr; indeed, she confirmed she received the notice and actually appeared at the deposition.

Additionally, the so-ordered subpoena was clear and unambiguous — it required Ms. Barr to sit for a deposition at a particular time and place — and proof of her noncompliance is also clear and unambiguous.  Moreover, Ms. Barr was expressly on notice that failure to comply with the subpoena would result in contempt.  *See* ECF No. 106 (Court's Order compelling Ms. Barr to appear for the deposition); ECF No. 107 (Certificate of Service of Order).

Accordingly, Plaintiffs' motion to holding Ms. Barr in contempt is GRANTED.  Ms. Barr is ORDERED to reimburse Plaintiffs for the costs and attorney's fees associated with the December 8, 2022 deposition and the costs of making their motion to compel.  *See Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203, 210 (S.D.N.Y. 2020).  As a courtesy (given, among other things, the holidays), the Court will grant Ms. Barr until **January 13, 2023**, to sit for a deposition.  If she does not contact Plaintiffs' counsel **and** sit for a deposition by that date, she will be required to pay **$100 per day of her non-compliance**.  *See, e.g.*, *Vista Food Exch. v. Lawson Foods, LLC*, No. 17-

CV-7454 (ALC), 2019 WL 5682632, at *6 (S.D.N.Y. Nov. 1, 2019) (imposing a fine of $100 per day for failure to comply with a subpoena).  If Ms. Barr still does not comply with the foregoing by **February 3, 2023**, the Court will consider raising the financial penalty and/or issuing an arrest warrant and ordering Ms. Barr detained until she complies.

Plaintiffs shall serve a copy of this Order on Ms. Barr by overnight mail **within one business day** and shall file proof of service within **two business days**.  Plaintiffs shall submit proof of their costs and fees no later than **January 4, 2023**.

The Clerk of Court is directed to terminate ECF No. 114.

SO ORDERED.

Dated: December 28, 2022
       New York, New York

_____
JESSE M. FURMAN
United States District Judge