

> 1191 Second Avenue  
> 10th Floor  
> Seattle, WA 98101
>
> 206.389.4510  
> Fenwick.com
>
> Brian D. Buckley  
> BBuckley@fenwick.com  |  206.389.4515

January 26, 2023

**VIA ECF**

The Honorable Jesse M. Furman  
Southern District of New York  
40 Centre Street, Room 2202  
New York, NY 10007

Re:    Golden Unicorn Enterprises, Inc. et al. v. Audible, Inc., Case No. 1:21-cv-07059-JMF

Your Honor:

Pursuant to Section 7(C) of the Court's Individual Rules and Practices in Civil Cases, Audible respectfully seeks leave to file certain exhibits from their Opposition under seal or in redacted form.  Further, pursuant to the parties' procedure that this Court approved for sealing or redacting documents related to Audible's Opposition, Audible seeks to seal its Opposition and all exhibits, pending Plaintiffs' review and potential motion to seal or redact. *See* ECF No. 161.

As discussed in Audible's letter-motion to seal materials from Plaintiffs' Motion for Class Certification (*see* ECF No. 144), although there is a presumption of public access, a court must balance "countervailing factors," including privacy interests as well as confidential and proprietary business information.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500 (GHW), 2021 WL 1222122, at *4-6 (S.D.N.Y. Mar. 31, 2021); *Lexington Furniture Indus., Inc. v. Lexington Co.*, AB, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

As with the documents Audible moved to seal or redact from Plaintiffs' Motion for Class Certification, here, Audible seeks to file under seal or redact two types of confidential information: (1) documents or information that contain sensitive business information, or information that could cause competitive harm; and (2) personal information of non-parties that does not bear on Plaintiffs' class certification motion.  *See* ECF No. 144 (citing cases).

- **Reports of Plaintiffs' Proposed Experts** (Exs. 30 and 32): Audible seeks narrow redactions from the reports of Plaintiffs' proposed experts.  The redactions contain highly sensitive information from Audible's documents and depositions of Audible witnesses and are the same Audible sought in relation to Plaintiffs' class certification motion.  *See* ECF Nos. 144, 148-5, 148-6.

- o **Report of Thad McIlroy** (Ex. 30): Audible's proposed redactions include the number of ACX creators, discussions about internal strategy and analysis, confidential information about publishers that are not parties to this lawsuit, and internal information about Audible's royalties' calculations. *See* ECF Nos. 144; 148-5 (same redactions proposed for Plaintiffs' Motion).

- o **Report of Joseph Egan** (Ex. 32): Audible's proposed redactions are limited to confidential information about Audible's internal financial systems, processes, and calculations, including information about royalty earners that are not parties to this litigation. These are the same redactions Audible sought when this report was filed in support of Plaintiffs' class certification motion. *See* ECF Nos. 144; 148-6 (same redactions proposed for Plaintiffs' Motion).

- **Internal Financial Analysis and Figures** (Ex. 26 (Audible Financial Data)): Audible seeks to file under seal a document containing highly sensitive financial data, specifically ACX's purchases and returns data from 2015 to 2021, including royalties, as well as average per-ACX user and rights holder royalties. Because of the highly sensitive nature of this information, disclosure could cause significant competitive harm. Audible relies on this document to support its statement that total ACX and per-ACX author royalty payments increased from 2015 to 2020. *See* Opp'n at 7.

- **Plaintiffs' Royalties Data** (Exs. 23 (Elizabeth Noble Royalties Data), 24 (Jan Bonthu Royalties Data)): Audible seeks to file under seal documents containing detailed royalties information for the named Plaintiffs that were designated as highly confidential.

- **Information About Non-Parties to the Litigation**: Audible seeks to redact information about non-parties to this litigation as well as file two documents under seal containing information about non-party authors. The information Audible seeks to redact and seal includes customer information, the names and email addresses of Audible employees, and information about other authors and non-parties to the litigation. *See Kewazinga*, 2021 WL 1222122, at *5 (granting request to redact employee email addresses "[b]ecause of the significant privacy interests of non-parties, and the lack of relevance of this information to any issue in this litigation"); *In re SunEdison, Inc. Sec. Litig.*, No. 16-cv-7917 (PKC), 2019 WL 126069 (S.D.N.Y. Jan. 7, 2019), at *2 (allowing redaction of "names and contact information in various e-mails" when "[t]he public interest in the names of the specific senders and recipients in these e-mails is low, as is the identities of certain entities referenced within the e-mails").

- **Emails and Customer Service Chat Transcript between Audible and its Customers** (Exs. 25, 27, 34, 35, 36, 41, 42): Audible seeks to redact the personally identifiable information about customers, Audible customer service employees, and an author from emails and chat transcripts, because the individuals' identities are private and unrelated to this case. Most of this information was redacted when the documents were produced; the additional redactions are for the names of Audible customer service employees. If the Court would like to see the unredacted documents, Audible can provide them.

- **Names, emails, and Information about Non-Parties in Plaintiffs' Documents** (Exs. 2, 12, 15, 16, 20, 21, 28, 29): Audible seeks to redact the names, information (such as book titles), and email addresses of non-parties, such as other authors and representatives of other companies, in correspondence involving the Plaintiffs as well as Plaintiffs' interrogatory responses. Two documents (Exs. 15 and 28) contain information about other authors and their titles throughout the documents, and Audible seeks to file Exhibits 15 and 28 under seal.

We are happy to provide any additional information that may be useful to the Court.

Respectfully,

FENWICK & WEST LLP

*/s/ Brian D. Buckley*

Brian D. Buckley

cc: All counsel of record (via ECF)

The motion to seal is granted temporarily.  The Court will assess whether the keep the materials at issue sealed or redacted when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 163.

SO ORDERED.

January 27, 2023