

**North Carolina**
Asheville
Charlotte
Durham
Fayetteville
Goldsboro
Greensboro
Greenville
Henderson
New Bern
Raleigh
Roanoke Rapids
Rocky Mount
Sanford
Wilmington
Wilson
Winston-Salem

**South Carolina**
Greenville

LAW OFFICES OF
**JAMES SCOTT FARRIN**
www.farrin.com

555 South Mangum Street, Suite 800
Durham, North Carolina, 27701
(800) 220-7321 (P)
(800) 716-7881 (F)

Tax ID: 56-2046742

February 1, 2023

**By CM/ECF**

The Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
Thurgood Marshall Courthouse
40 Centre Street, Room 2202
New York, NY 10007

Re: *Golden Unicorn Enters., Inc. v. Audible, Inc.*, 1:21-cv-7059-JMF

Dear Judge Furman:

Plaintiffs write pursuant to Section 7(C) of Your Honor's Individual Rules and Practices in Civil Cases, seeking leave for Audible to file redacted versions of certain exhibits to its Memorandum in Opposition to Plaintiffs' Motion for Class Certification. *See* ECF Nos. 160, 164.

Both federal common law and the First Amendment establish a presumption of public access to judicial documents. *In re New York City Policing During Summer 2020 Demonstrations*, 20-CV-8924-CM-GWG, 2022 WL 7886182, at *1 (S.D.N.Y. Oct. 14, 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). A court weighing a motion to seal or redact documents must first determine the extent to which a document in question is a "judicial document," that is, whether it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The court must then weigh the presumption of access against countervailing interests such as privacy interests. *Id.* at *2.

Plaintiffs do not seek to maintain any documents entirely under seal. Rather, Plaintiffs ask the Court to allow public filing of eleven exhibits only with narrow redactions, while maintaining the seal over the eleven unredacted versions that Audible filed on January 26, 2023. These redactions fall into two categories:

**Plaintiffs' home addresses and telephone numbers.**

Plaintiffs have partially redacted the street addresses and home telephone numbers of Plaintiffs in the following documents:

- ECF No. 164-8, View of ACX dashboard of Jan Bonthu, President of Plaintiff Golden Unicorn Enterprises.

- ECF No. 164-12, E-mail exchange between Jan Bonthu and another author.

- ECF No. 164-19, Plaintiffs' Initial Disclosures.

Specifically, Plaintiffs have redacted the street name and number of Bonthu and her husband while leaving their city of residence unredacted. Plaintiffs have redacted the last seven digits of their

telephone number, leaving the three-digit area code unredacted, as this information is not "relevant to the performance of the judicial function and useful in the judicial process." *In re New York City Policing*, 2022 WL 7886182, at *1. Plaintiffs' Motion for Class Certification is unlikely to turn on Plaintiffs' precise addresses or telephone numbers, and, to the extent the Court does consider this information, Plaintiffs' redactions allow the public to know the cities of residence without public disclosure of information which creates a risk of intrusion by strangers into Plaintiffs' home (*i.e.*, the Bonthus' precise address and home telephone number). *Id.* at *2.

**Identifying information of non-litigant authors**

From the following documents, Plaintiffs have redacted the names, contact information, and other identifying information of authors with whom they corresponded and which they mention in correspondence among themselves.

- ECF No. 164-4, Transcript of Deposition of Lisa Kuhne, employee of Plaintiff Big Dog Books, LLC.

- ECF No. 164-6, Transcript of Deposition of Annette Stone, former contractor for Golden Unicorn Enterprises.

- ECF No. 164-12, E-mail exchange between Jan Bonthu and another author.

- ECF No. 164-15, E-mail exchange between Annette Stone and another author.

- ECF No. 164-16, E-mail exchange between Elizabeth Noble (pen name Sawyer Bennett), sole member of Plaintiff Big Dog Books, LLC, and Lisa Kuhne.

- ECF No. 164-20, Big Dog Books, LLC's answers to Audible's First Set of Interrogatories (excerpts).

- ECF No. 164-21, Golden Unicorn Enterprises, Inc.'s answers to Audible's First Set of Interrogatories (excerpts).

- ECF No. 164-28, E-mail exchange between Elizabeth Noble (pen name Sawyer Bennett), sole member of Plaintiff Big Dog Books, LLC, and Lisa Kuhne.

- ECF No. 164-29, Facebook comment by Elizabeth Noble in apparent response to post by other author.

Specifically, Plaintiffs have redacted the other authors' names, e-mail addresses, contact information, and information such as book titles that would readily identify them. These authors' names are not cited in Audible's Memorandum of Law, ECF No. 164, and their names, contact information, and other identifying information are of limited "relevan[ce] to the performance of the judicial function and useful in the judicial process." *In re New York City Policing*, 2022 WL 7886182, at *1. To the extent the Court considers this information at all, its importance to the Court's ruling on class certification

is likely to be outweighed the privacy interests of individuals who have not elected to participate as litigants. *Id.* at *2.[1]

Respectfully,

Chris Bagley
Gary Jackson
Law Offices of James Scott Farrin
555 S. Mangum Street, Suite 800
Durham, NC 27701
(919) 287-5037
cbagley@farrin.com

Mitchell M. Breit
Andrei Rado
Leland Belew
Milberg Coleman Bryson Phillips & Grossman
One Pennsylvania Plaza, Floor 50
New York, NY 10119
(347) 668-8445
mbreit@milberg.com

*Counsel for Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, LLC*

The Motion to Seal is granted temporarily. Any opposition to the motion shall be filed by **February 8, 2023**. The Court will assess whether to keep the material at issue sealed or redacted on a permanent basis when deciding the underlying motions. The Clerk of Court is directed to terminate 167.

SO ORDERED.

February 3, 2023

---

[1] Plaintiffs expect to argue in their Reply Brief in Support of Class Certification, and at summary judgment, that many of these documents contain *only* extrinsic evidence that may not be considered in construing adhesion contracts signed by all members of the proposed class. For purposes of this motion, however, Plaintiffs do not argue that the privacy interests and other business information discussed in the embodied in the unredacted portions outweigh the strong presumption of public access to court documents.