

1191 Second Avenue
10th Floor
Seattle, WA 98101

206.389.4510
Fenwick.com

Brian D. Buckley
BBuckley@fenwick.com  |  206.389.4515

February 21, 2023

**VIA ECF**

The Honorable Jesse M. Furman
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> The motion to seal is granted temporarily. Any opposition to the motion shall be filed by **February 27, 2023**. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 178. SO ORDERED.
>
> February 22, 2023

Re:   Golden Unicorn Enterprises, Inc. et al. v. Audible, Inc., Case No. 1:21-cv-07059-JMF

Your Honor:

Pursuant to Section 7(C) of the Court's Individual Rules and Practices in Civil Cases and the parties' procedure that this Court approved for sealing or redact documents related to Plaintiffs' Reply in Support of their Motion for Class Certification, see ECF No. 174, Audible respectfully seeks leave for (1) Plaintiffs to file a redacted version of their Reply, and (2) Plaintiffs to file certain exhibits from their Reply under seal.

As discussed in Audible's letter-motion to seal materials from Plaintiffs' Motion for Class Certification (see ECF No. 144), although there is a presumption of public access, a court must balance "countervailing factors," including privacy interests as well as confidential and proprietary business information. See *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500 (GHW), 2021 WL 1222122, at *4-6 (S.D.N.Y. Mar. 31, 2021); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

As with the documents Audible moved to seal or redact from Plaintiffs' Motion for Class Certification and Audible's Opposition, here, Audible seeks to file under seal or redact two types of confidential information: (1) documents or information that contain sensitive business information, or information that could cause competitive harm; and (2) personal information of non-parties that does not bear on Plaintiffs' class certification motion. See ECF No. 144 (citing cases). In many cases, the confidential information in these documents is not relevant to Plaintiffs' Reply. See *Kewazinga*, 2021 WL 1222122, at *4; *In re SunEdison, Inc. Sec. Litig.*, No. 16-cv-7917 (PKC), 2019 WL 126069, at *2 (S.D.N.Y. Jan. 7, 2019).

- **Plaintiffs' Reply in Support of their Motion for Class Certification** (ECF No. 176): Audible seeks narrow redactions of Plaintiffs' reply, specifically personally identifiable information about individuals, the number of ACX creators, internal financial information regarding returns, and references to exhibits and deposition testimony that reflect confidential internal business discussions. These redactions

seek to protect information about non-parties to this litigation and confidential, sensitive business information that, if made public, could threaten competitive harm.

- **Audible Employee Deposition Transcripts** (Exs. J, M; ECF Nos. 176-10 and 176-13): Audible also seeks narrow redactions of transcripts of deposition testimony of Audible's employees and former employees that contain personally identifiable information of third parties, and confidential, sensitive business information that, if made public, could threaten competitive harm.

    o **Deposition Testimony of Ryan Eland** (Ex. J; ECF No. 176-10): The proposed redactions include internal information about returns processing and information pertaining to internal business decisions.

    o **Deposition Testimony of Colleen Barr** (Ex. M; ECF No. 176-13): The proposed redactions include the name of an Audible employee, information pertaining to internal business decisions, and references to the circumstances of Ms. Barr's departure from Audible, which are not relevant to the issues in this case.  Plaintiffs do not rely on this information in their Reply, and it is not needed to resolve their motion.  Indeed, Plaintiffs superfluously attached multiple pages of deposition testimony to this exhibit, as they do not cite any pages of their excerpt of the deposition testimony of Ms. Barr except for page 49 of the transcript.  *See* Reply at 8 n.11.

- **Internal Financial Analysis and Figures** (Ex. A; ECF No. 176-1): Audible seeks to file under seal a document containing highly sensitive financial data, specifically ACX's purchases and returns data from 2015 to 2021, including royalties, as well as average per-ACX user and rights holder royalties.  Because of the highly sensitive nature of this information, disclosure could cause significant competitive harm.  Audible previously moved to seal the data contained in this document when moving to seal exhibits from its Opposition to Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 163, 166.

- **Internal Strategy and Analysis Documents** (Exs. D, H, I, K): Audible seeks to seal the following Audible documents.  These documents, all produced as highly confidential, contain sensitive internal strategy, analysis, and financial information that could cause competitive harm.  The confidential information that Audible seeks to seal is largely not relevant to Plaintiffs' Reply.  *See Kewazinga*, 2021 WL 1222122, at *4; *In re SunEdison*, 2019 WL 126069, at *2.

    o **Internal Email Regarding ACX Updates** (Ex. D; ECF. No. 176-4): Audible seeks to seal this internal email exchange containing sensitive communications about measures taken related to returns, payments, and other tasks,

revealing sensitive, confidential internal processes. Plaintiffs cite this exhibit only when discussing the number of people who had signed on to an Authors Guild petition, and Audible does not seek redaction of that sentence. *See* Reply at 2. To the extent the Court does not grant Audible's motion to seal this exhibit, Audible seeks redactions of the names and emails of Audible employees, as highlighted in the exhibit.

Further, personally identifiable information about third parties and unrelated individuals was redacted when the document was produced. Audible seeks to maintain those redactions, as these individuals' identities are unrelated to the Reply. If the Court would like to see the unredacted document, Audible can provide it.

- o **Internal Emails Regarding Easy Exchanges** (Exs. H, I; ECF Nos. 176-8 and 176-9): Audible seeks to seal internal email exchanges reflecting confidential internal processes and decisions. To the extent the Court does not grant Audible's motion to seal this exhibit, Audible seeks redactions of names and emails of Audible employees, as highlighted. Audible does not seek redactions of the sentences corresponding to these documents in the Reply.

    For Ex. I, Audible seeks only narrow redactions for a section of the email thread that reflects confidential internal processes. Plaintiffs do not rely on the information that Audible seeks to redact in their Reply, and it is not needed to resolve their motion. Plaintiffs cite only to page 4 of this document, which Audible is not requesting sealing for. *See* Reply at 2 n.5.

- o **Internal Audible Presentation Regarding Returns** (Ex. K; ECF No. 176-11): Audible seeks to seal this highly confidential internal strategy and analysis document about Audible's returns policy, including market research, business impacts, and recommendations. Plaintiffs rely on this document solely for their statement regarding reasons that customers returned books, and Audible does not seek to redact that sentence in the Reply. *See* Reply at 2-3.

- **Correspondence from Unrelated Third-Party** (Ex. E, ECF No. 176-5): Audible seeks to seal this confidential email thread with an unrelated third-party reflecting negotiation and business strategy. When outside parties email Audible, they expect the contents to remain within Audible and not be publicly filed. Plaintiffs rely on this document only for their statement that "[n]umerous trade groups and individual authors complained directly to Audible," so the contents of this email thread are not relevant to the Reply. *See* Reply at 2.

Page 4

Personally identifiable information about Audible employees and unrelated third parties was redacted when the document was produced. Audible seeks to maintain those redactions, as these individuals' identities are unrelated to this motion. To the extent that the Court does not grant Audible's motion to seal this exhibit, Audible seeks redactions of names and emails of Audible employees, which are highlighted, as well as to maintain the redactions of the third-party's identity. Privileged communications with in-house counsel were also redacted when the document was produced, and Audible seeks to maintain those redactions. If the Court would like to see the unredacted document, Audible can provide it.

- **Draft Correspondence with Author Group** (Ex. F; ECF No. 176-6): Audible seeks to redact Audible employee names and a portion of this exhibit containing draft communication in response to an email from Romance Writers of America (RWA). Audible does not seek to seal the email that it received from RWA. Plaintiffs rely on this document only for their statement that "[n]umerous trade groups and individual authors complained directly to Audible," so Audible's draft response—the only portion that Audible seeks to redact—is not relevant to the Reply. *See* Reply at 2.

  Personally identifiable information about the sender of the email that Audible received from RWA was redacted when the document was produced. Audible seeks to maintain those redactions, as this individual's identity is unrelated to this motion. If the Court would like to see the unredacted document, Audible can provide it.

- **Compilation of Correspondence with Authors regarding Returns** (Ex. G; ECF No. 176-7): Audible seeks to redact information about non-parties to this litigation. This includes customer information, authors, their titles, the names of Audible employees, Audible email addresses, and internal ticket numbers related to customer issues. *See Kewazinga*, 2021 WL 1222122, at *5 (granting request to redact employee email addresses "[b]ecause of the significant privacy interests of non-parties, and the lack of relevance of this information to any issue in this litigation"); *In re SunEdison*, 2019 WL 126069, at *2 (allowing redaction of "names and contact information in various e-mails" when "[t]he public interest in the names of the specific senders and recipients in these e-mails is low, as is the identities of certain entities referenced within the e-mails").

  Certain personally identifiable information about the authors referenced in this exhibit was redacted when the document was produced. Audible seeks to maintain those redactions, as these individuals' identities are unrelated to this motion. If the Court would like to see the unredacted document, Audible can provide it.

- **Compilation of Internal Communications Regarding Reactive Communications** (Ex. L; ECF No. 176-12): Audible seeks to redact information about non-parties to this

Page 5

litigation, which is not relevant to Plaintiffs' Reply.  This includes customer information, authors, their titles, the names of Audible employees, Audible email addresses, and internal ticket numbers related to customer issues.  For pages 13-14 of the exhibit, Audible previously moved to redact the same information when moving to seal exhibits from Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 144, 150.

Audible also seeks to redact parts of this compilation that reflect business strategy and internal business processes.  Specifically, pages 17-23 analyze creator reactions to the October 2020 software error and propose potential responses.  Those pages contain draft communications, including internal edits and comments, and were used in Plaintiffs' Reply only for the assertion that "Audible told authors that it 'can and does limit' numbers of returns."  *See* Reply at 4 n.9.  Audible does not seek to redact that sentence.  Audible previously moved to seal these pages when moving to seal exhibits from Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 144, 150.  Pages 24-28 of this exhibit reflect confidential, internal business processes and contain draft communications to authors regarding Audible's return policy.  These pages are similarly only used in Plaintiffs' Reply for the claim that "Audible told authors that it 'can and does limit' numbers of returns," which Audible does not seek to redact.  *See* Reply at 4 n.9.

Personally identifiable information about Audible employees and unrelated third parties was redacted when the document was produced.  Audible seeks to maintain those redactions, as these individuals' identities are unrelated to this motion.  Extraneous Chime chat discussions between Audible employees were also redacted when the document was produced.  Audible seeks to maintain those redactions, as these chats are irrelevant to the litigation.  If the Court would like to see the unredacted document, Audible can provide it.

We are happy to provide any additional information that may be useful to the Court.

    Respectfully,

    FENWICK & WEST LLP

    */s/ Brian D. Buckley*

    Brian D. Buckley

cc: All counsel of record (via ECF)