

1191 Second Avenue    206.389.4510
10th Floor    Fenwick.com
Seattle, WA 98101

Brian D. Buckley
BBuckley@fenwick.com  |  206.389.4515

March 6, 2023

**VIA ECF**

The Honorable Jesse M. Furman
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: <u>Golden Unicorn Enterprises, Inc. et al. v. Audible, Inc., Case No. 1:21-cv-07059-JMF</u>

Your Honor:

Pursuant to Section 7(C) of the Court's Individual Rules and Practices in Civil Cases, Audible respectfully seeks leave to file certain materials supporting its Motion for Summary Judgment ("MSJ"), Motion to Exclude Testimony of Thad McIlroy under *Daubert* ("McIlroy *Daubert* Mot."), Motion to Exclude Testimony of Joseph Egan ("Egan *Daubert* Mot."), and Renewed Motion for Spoliation Sanctions ("Spoliation Mot.") (collectively, "Motions") under seal or in redacted form.  Further, pursuant to the parties' procedure that this Court approved for sealing or redacting documents related to Audible's Motions, Audible seeks to seal its Motions, memoranda, supporting declarations, and all exhibits, pending Plaintiffs' review and potential motion to seal or redact.  *See* ECF No. 183.

As discussed in Audible's letter-motion to seal materials from Plaintiffs' Motion for Class Certification (*see* ECF No. 144), although there is a presumption of public access, a court must balance "countervailing factors," including privacy interests as well as confidential and proprietary business information.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500 (GHW), 2021 WL 1222122, at *4-6 (S.D.N.Y. Mar. 31, 2021); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

As with the documents Audible moved to seal or redact from the class certification briefing, here, Audible seeks to file under seal or redact two types of confidential information: (1) documents or information that contain sensitive business information, or information that could cause competitive harm; and (2) personal information of non-parties that does not bear on Audible's Motions.  *See* ECF No. 144 (citing cases).

- **Reports and Deposition Testimony of Plaintiffs' Proposed Experts**: Audible seeks narrow redactions from the reports and transcripts of deposition testimony of Plaintiffs' proposed experts.  The redactions contain highly sensitive information from Audible's documents and depositions of Audible witnesses.  The redactions in

the reports are the same ones Audible sought in relation to the class certification briefing.  *See* ECF Nos. 144, 150; 163, 166.

- o **Report of Thad McIlroy** (MSJ Ex. 2; McIlroy *Daubert* Mot. Ex. 1; Egan *Daubert* Mot. Ex. 10): Audible's proposed redactions include the number of ACX creators, discussions about internal strategy and analysis, confidential information about publishers that are not parties to this lawsuit, and internal information about Audible's royalties' calculations.  *See* ECF Nos. 144, 150; 163, 166 (same redactions proposed for class certification briefing).

- o **Report of Joseph Egan** (MSJ Ex. 39; McIlroy *Daubert* Mot. Ex. 6; Egan *Daubert* Mot. Ex. 1): Audible's proposed redactions are limited to confidential information about Audible's internal financial systems, processes, and calculations, including information about royalty earners that are not parties to this litigation.  *See* ECF Nos. 144, 150; 163, 166 (same redactions proposed for class certification briefing).

- o **Deposition Testimony of Thad McIlroy** (McIlroy *Daubert* Mot. Ex. 2): Audible seeks to redact a quotation from a portion of the Expert Report of Thad McIlroy for which Audible seeks redactions.  Audible does not rely on the redacted information to support its Motions.

- **Internal Financial Analysis and Figures** (MSJ Exs. 17, 40; Spoliation Mot. Ex. 2): Audible seeks to seal documents containing highly sensitive financial data that, if made public, could threaten competitive harm.

    - o **Purchases and Returns Data** (MSJ Ex. 17): Audible requests to file under seal this document which contains ACX's purchases and returns data from 2015 to 2021, including royalties, as well as average per-ACX user and rights holder royalties.  Because of the highly sensitive nature of this information, disclosure could cause significant competitive harm.  Audible previously moved to seal this document when moving to seal exhibits from its Opposition to Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 163, 166.  Audible relies on this document to support its statement that total ACX and per-ACX author royalty payments increased from 2015 to 2020.  *See* Statement of Undisputed Material Facts in support of Audible's Motion for Summary Judgment ("SUMF") at ¶ 39.

    - o **Royalties and Returns Data** (MSJ Ex. 40; Spoliation Mot. Ex. 2): Audible seeks to redact one figure from this document, which reflects royalty amounts related to returns.  This figure is cited from a document designated as highly confidential because it contains sensitive financial analysis and figures.

> Audible does not rely on the redacted information to support its Motions. *See* Spoliation Mot. at 2-3; SUMF at ¶ 109.

- **Deposition Transcripts**: Audible seeks narrow redactions of transcripts of deposition testimony that contains personally identifiable information of third parties, and confidential, sensitive business information that, if made public, could threaten competitive harm.

    o **Deposition Testimony of Colleen Barr** (McIlroy *Daubert* Mot. Ex. 8; MSJ Ex. 9): The proposed redactions include the name of an Audible employee, information pertaining to internal business decisions, and references to the circumstances of Ms. Barr's departure from Audible, which are not relevant to the issues in this case. Audible does not rely on the redacted information to support its Motions. Audible previously moved to seal this document when moving to seal exhibits from Plaintiffs' Reply in support of its Motion for Class Certification. *See* ECF Nos. 178, 179.

    o **Deposition Testimony of Annette Stone** (Spoliation Mot. Ex. 14): Audible seeks to redact information about non-parties to this litigation, specifically an author's name.

    o **Deposition Testimony of Elizabeth Noble** (MSJ Ex. 6): Audible seeks to redact information about Ms. Noble's royalties data and non-parties to this litigation, specifically the name of an Audible employee.

- **Plaintiffs' Royalties Data** (MSJ Exs. 21 (Jan Bonthu Royalties Data), 25, 28 (Elizabeth Noble Royalties Data); SUMF ¶¶ 47 (Jan Bonthu Royalties Information), 68 (Elizabeth Noble Royalties Information); Spoliation Mot. Exs. 16, 17, 18 (Golden Unicorn Reports)): Audible seeks to file under seal documents containing detailed royalties information for the named Plaintiffs that were designated as highly confidential. Audible previously moved to seal Plaintiffs' royalties information when moving to seal exhibits from Audible's Opposition to Plaintiffs' Class Certification Motion. *See* ECF Nos. 163, 166.

- **Information About Non-Parties to the Litigation**: Audible seeks to redact information about non-parties to this litigation as well as file one document under seal containing information about a non-party author. The information Audible seeks to redact and seal includes customer information, the names and email addresses of Audible employees, and information about other authors and non-parties to the litigation. *See Kewazinga*, 2021 WL 1222122, at *5 (granting request to redact employee email addresses "[b]ecause of the significant privacy interests of non-parties, and the lack of relevance of this information to any issue in this litigation"); *In re SunEdison, Inc. Sec. Litig.*, No. 16-cv-7917 (PKC), 2019 WL 126069,

Page 4

at *2 (S.D.N.Y. Jan. 7, 2019) (allowing redactions of "names and contact information in various e-mails" when "[t]he public interest in the names of the specific senders and recipients in these e-mails is low, as is the identities of certain entities referenced within the e-mails").

- o **Emails and Customer Service Chat Transcript between Audible and its Customers** (MSJ Exs. 13, 16, 26, 41, 42, 43; McIlroy *Daubert* Mot. Ex. 7; Egan *Daubert* Mot. Ex. 9; Spoliation Mot. Ex. 8): Audible seeks to redact the personally identifiable information about customers, Audible customer service employees, and an author from emails and chat transcripts, because the individuals' identities are private and unrelated to this case.  Most of this information was redacted when the documents were produced; the additional redactions are for the names of Audible customer service employees.  If the Court would like to see the unredacted documents, Audible can provide them.  Audible previously moved to seal these documents when moving to seal exhibits from Audible's Opposition to Plaintiffs' Class Certification Motion.  *See* ECF Nos. 163, 166.

- o **Names, emails, and Information about Non-Parties in Plaintiffs' Documents** (MSJ Exs. 31, 32, 37, 38; Egan *Daubert* Mot. Exs. 5, 6; Spoliation Mot. Ex. 13): Audible seeks to redact the names, information (such as book titles), and email addresses of non-parties, such as other authors and representatives of other companies, in correspondence involving the Plaintiffs as well as Plaintiffs' interrogatory responses.  One document (Spoliation Mot. Ex. 13) contains information about an author and their title throughout the document, and Audible seeks to file Spoliation Mot. Exhibit 13 under seal.  Audible previously moved to seal these documents when moving to seal exhibits from Audible's Opposition to Plaintiffs' Class Certification Motion.  *See* ECF Nos. 163, 166.

- **Plaintiffs' Amended Responses to Audible's Interrogatories** (MSJ Ex. 11): Audible seeks narrow redactions that contain personally identifiable information of Audible employees, and confidential, sensitive business information that, if made public, could threaten competitive harm.  Specifically, Audible seeks to redact internal business strategy and analysis information quoted from a document that Audible designated highly confidential.  Audible does not rely on this information in its Motions and uses this document solely for the fact that "Plaintiffs contend that, prior to March 2021, the ACX dashboard did not disclose that sales numbers were 'net of returns and exchanges.'"  SUMF ¶ 20.

Page 5

We are happy to provide any additional information that may be useful to the Court.

                                        Respectfully,

                                        FENWICK & WEST LLP

                                        */s/ Brian D. Buckley*

                                        Brian D. Buckley

cc: All counsel of record (via ECF)

The motion to seal is granted temporarily.  Any opposition shall be filed by **March 13, 2023.**  The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 188.

SO ORDERED.

*[signature]*

March 6, 2023