

**North Carolina**  **South Carolina**
Asheville   New Bern   Greenville
Charlotte   Raleigh
Durham     Roanoke Rapids
Fayetteville Rocky Mount
Goldsboro   Sanford
Greensboro  Wilmington
Greenville  Wilson
Henderson   Winston-Salem

LAW OFFICES OF
**JAMES SCOTT FARRIN**
www.farrin.com

555 South Mangum Street, Suite 800
Durham, North Carolina, 27701
(800) 220-7321 (P)
(800) 716-7881 (F)

Tax ID: 56-2046742

March 13, 2023

**By CM/ECF**

The Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
Thurgood Marshall Courthouse
40 Centre Street, Room 2202
New York, NY 10007

Re: *Golden Unicorn Enters., Inc. v. Audible, Inc.*, 1:21-cv-7059-JMF

Dear Judge Furman:

Plaintiffs write pursuant to Section 7(C) of Your Honor's Individual Rules and Practices in Civil Cases, seeking leave for Defendant Audible to file redacted versions of certain exhibits to Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, ECF No. 191; Defendant Audible, Inc.'s Memorandum of Law in Support of Motion to Exclude Testimony of Joseph Egan, ECF No. 198; and the Memorandum of Law in Support of Audible, Inc.'s Renewed Motion for Spoliation Sanctions, ECF No. 200.

Both federal common law and the First Amendment establish a presumption of public access to judicial documents. *See In re New York City Policing During Summer 2020 Demonstrations*, 20-CV-8924-CM-GWG, 2022 WL 7886182, at *1 (S.D.N.Y. Oct. 14, 2022) (citing *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006)). A court weighing a motion to seal or redact documents must first determine the extent to which each one is a "judicial document," that is, whether it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The court must then weigh the presumption of access against countervailing interests such as privacy interests. *See id.* at *2.

Plaintiffs do not seek to maintain any documents entirely under seal. Rather, Plaintiffs ask the Court (1) to allow Audible to file fifteen exhibits to the three motions with narrow redactions and (2) to maintain the seal over the unredacted versions of those fifteen documents that Audible filed on March 6, 2023. These redactions fall into two categories:

**Plaintiffs' home addresses and telephone numbers**

Plaintiffs have partially redacted the street addresses and home telephone numbers of Plaintiffs in the following documents:

- ECF No. 191-19, view of ACX dashboard of Jan Bonthu, President of Plaintiff Golden Unicorn Enterprises, Inc. ("GUE").

- ECF No. 191-35 and 198-4, Plaintiffs' Initial Disclosures (excerpts).

- ECF No. 200-5 (at p. 6), transcript of Deposition of Elizabeth Noble, principal of Plaintiff Big Dog Books, LLC.

Specifically, Plaintiffs have redacted the street name and number of Ms. Bonthu, her husband Srikanth Bonthu, and Ms. Noble while leaving their cities of residence unredacted. Plaintiffs have left the three-digit area codes unredacted but redacted the last seven digits of these individuals' telephone numbers, as this information is not "relevant to the performance of the judicial function and useful in the judicial process." *In re New York City Policing*, 2022 WL 7886182, at *1. Audible's motions are unlikely to turn on Plaintiffs' precise addresses or telephone numbers, and, to the extent the Court does consider this information, Plaintiffs' redactions allow the public to know the cities of residence of their principals without public disclosure of information that creates a risk of intrusion by strangers into those principals' homes (*i.e.*, precise home addresses and home and cellular telephone numbers). *See id.* at *2.

**Identifying information of non-litigant authors and contractors**

From the following documents, Plaintiffs have redacted the names, contact information, and other identifying information of authors and third-party contractors with whom they corresponded and which they mention in correspondence among themselves and in deposition testimony.

- ECF No. 191-27, transcript of deposition of BDB employee Lisa Kuhne (at p. 244).
- ECF No. 191-31 (at GUE_00004061), e-mail exchange between Ms. Noble and Ms. Kuhne.
- ECF No. 191-32, Facebook posts.
- ECF Nos. 191-37 and 198-6, Plaintiff Big Dog Books, LLC's Responses and Objections to Defendant Audible Inc.'s First Set of Interrogatories (excerpts).
- ECF Nos. 191-38 and 198-5, Plaintiff Golden Unicorn Enterprises, Inc.'s Responses and Objections to Defendant Audible Inc.'s First Set of Interrogatories (excerpts).
- ECF No. 200-9, e-mail exchange between GUE contractor Annette Stone and German-language audiobook producer.
- ECF No. 200-10, E-mail exchange between GUE Vice-President Srikanth Bonthu and GUE contractor Annette Stone.
- ECF No. 200-13, E-mail forwarded to Mr. Bonthu by Ms. Stone.
- ECF No. 200-14 (at pp. 56, 129–30, 208), Transcript of Deposition of Annette Stone.

Specifically, Plaintiffs have redacted the other authors' names, e-mail addresses and information such as book titles that would readily identify them. These authors' names are not cited in Audible's filings and briefing, and their names and other identifying information are of limited "relevan[ce] to the performance of the judicial function and useful in the judicial process." *In re New York City Policing*, 2022 WL 7886182, at *1. To the extent the Court considers this information at all, its importance to the Court's ruling on class certification is likely to be outweighed the privacy interests of individuals who have not elected to participate as litigants. *Id.* at *2.

Respectfully,

Chris Bagley
Gary Jackson
Law Offices of James Scott Farrin
555 S. Mangum Street, Suite 800
Durham, NC 27701
(919) 287-5037
cbagley@farrin.com

Mitchell M. Breit
Leland Belew
Milberg Coleman Bryson Phillips & Grossman
One Pennsylvania Plaza, Floor 50
New York, NY 10119
(347) 668-8445
mbreit@milberg.com

P. Renée Wicklund
Richman Law & Policy
535 Mission Street
San Francisco, CA 94105
(415) 259-5688
rwicklund@richmanlawpolicy.com

*Counsel for Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, LLC*

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 207.

SO ORDERED.

March 14, 2023