

1191 Second Avenue
10th Floor
Seattle, WA 98101

206.389.4510
Fenwick.com

Brian D. Buckley
BBuckley@fenwick.com  |  206.389.4515

March 13, 2023

**VIA ECF**

The Honorable Jesse M. Furman
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re:     <u>Golden Unicorn Enterprises, Inc. et al. v. Audible, Inc., Case No. 1:21-cv-07059-JMF</u>

Your Honor:

Pursuant to the parties' agreed-upon procedure (*see* ECF No. 183), Audible respectfully seeks leave for Plaintiffs to file (1) a redacted version of Plaintiffs' Memorandum of Law in Support of Their Motion to Exclude the Opinions of John Rodzvilla; and (2) sealed and redacted versions of certain exhibits from Plaintiffs' Motion to Exclude the Opinions of John Rodzvilla ("Rodzvilla *Daubert* Mot.") and Motion to Exclude Certain Opinions of Juli Saitz ("Saitz *Daubert* Mot.").  Audible's proposed redactions are highlighted in light blue, to distinguish from Plaintiffs' yellow and orange highlighting on some of their exhibits.

As discussed in Audible's letter-motion to seal materials from Plaintiffs' Motion for Class Certification (*see* ECF No. 144), although there is a presumption of public access, a court must balance "countervailing factors," including privacy interests as well as confidential and proprietary business information.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500 (GHW), 2021 WL 1222122, at *4-6 (S.D.N.Y. Mar. 31, 2021); *Lexington Furniture Indus., Inc. v. Lexington Co.*, AB, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

As with the documents Audible has previously moved to seal or redact, here, Audible seeks to file under seal or redact two types of confidential information: (1) documents or information that contain sensitive business information, or information that could cause competitive harm; and (2) personal information of non-parties that does not bear on Plaintiffs' *Daubert* motions.  *See* ECF No. 144 (citing cases).  In many cases, the confidential information in these documents is not relevant to Plaintiffs' *Daubert* motions.  *See Kewazinga*, 2021 WL 1222122, at *4; *In re SunEdison, Inc. Sec. Litig.*, No. 16-cv-7917 (PKC), 2019 WL 126069, at *2 (S.D.N.Y. Jan. 7, 2019).

- **Memorandum of Law in Support of Their Motion to Exclude the Opinions of John Rodzvilla** (ECF No. 202): Audible seeks narrow redactions of Plaintiffs' Memorandum of Law in in support of their Rodzvilla *Daubert* Motion, specifically

Page 2

the name of an Audible employee and certain information about Audible's revenue and returns.  These redactions seek to protect information about a non-party to this litigation as well as confidential, sensitive business information that, if made public, could threaten competitive harm.

- **Exhibits to Rodzvilla *Daubert* Motion** (Exs. A, C, and E; ECF. Nos. 202-1, 202-3, 202-6):

  o **Expert Report of John Rodzvilla** (Exs. A and C; ECF Nos. 202-1 and 202-3): Audible seeks narrow redactions to portions of the Expert Report of John Rodzvilla that contain return percentages.  These redactions protect confidential, sensitive business information that, if made public, could threaten competitive harm.  Audible has previously moved to redact these percentages from Plaintiffs' Motion for Class Certification (*see* ECF No. 144).

  o **Email Thread between Audible Employees re Returns** (Ex. E; ECF No. 202-6): Audible seeks to file under seal an internal email exchange containing confidential, highly sensitive business information about and breakdowns of Audible's purchases and returns.  Disclosure of this information could threaten competitive harm.

- **Exhibits to Saitz *Daubert* Motion** (Exs. A, B, C, and D; ECF Nos. 204-1, 204-2, 204-3, 204-4):  Audible seeks narrow redactions to portions of the Report of Juli Saitz and the deposition of Juli Saitz that contain confidential information.  Moreover, the proposed redactions are of information that does not bear on, and is not referenced in, the Saitz *Daubert* Motion. See *Kewazinga*, 2021 WL 1222122, at *4.

  o **Report of Juli Saitz** (Exs. A and C; ECF Nos. 204-1 and 204-3): Audible seeks narrow redactions of portions of the Saitz Report that contain return percentages.  These redactions protect confidential, sensitive business information that, if made public, could threaten competitive harm.  Audible has previously moved to redact these percentages from Plaintiffs' Motion for Class Certification (*see* ECF No. 144).  Audible also seeks to redact Ms. Saitz's non-public expert work from the past five years, which is included in Exhibit 1 to the Saitz report.  This contains Ms. Saitz's and non-parties' confidential business information, which has no relation to Plaintiffs' motion.

  o **Deposition of Juli Saitz** (Exs. B and D; ECF Nos. 204-2 and 204-4): Audible seeks narrow redactions of portions of the deposition transcript of Juli Saitz that contains return percentages.  These redactions protect confidential, sensitive business information that, if made public, could threaten

Page 3

competitive harm.  Audible has previously moved to redact these percentages from Plaintiffs' Motion for Class Certification (*see* ECF No. 144).

We are happy to provide any additional information that may be useful to the Court.

Respectfully,

FENWICK & WEST LLP

*/s/ Brian D. Buckley*

Brian D. Buckley

cc: All counsel of record (via ECF)

The motion to seal is granted temporarily.  The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 208.

SO ORDERED.

March 14, 2023