**North Carolina**  **South Carolina**
Asheville   New Bern   Greenville
Charlotte   Raleigh
Durham      Roanoke Rapids
Fayetteville Rocky Mount
Goldsboro   Sanford
Greensboro  Wilmington
Greenville  Wilson
Henderson   Winston-Salem

LAW OFFICES OF

**JAMES SCOTT FARRIN**

www.farrin.com

555 South Mangum Street, Suite 800
Durham, North Carolina, 27701
(800) 220-7321 (P)
(800) 716-7881 (F)

Tax ID: 56-2046742

March 16, 2023

**By CM/ECF**

The Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
Thurgood Marshall Courthouse
40 Centre Street, Room 2202
New York, NY 10007

Re: *Golden Unicorn Enters., Inc. v. Audible, Inc.*, 1:21-cv-7059-JMF

Dear Judge Furman:

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 229.

SO ORDERED.

March 17, 2023

Plaintiffs write pursuant to Section 7(C) of Your Honor's Individual Rules and Practices in Civil Cases, seeking leave (1) to file, publicly, redacted versions of two exhibits to Plaintiffs' Memorandum of Law in Opposition to Audible's Renewed Motion for Spoliation Sanctions ("Brief") and (2) to file unredacted versions of the exhibits under seal. These exhibits are e-mails that Plaintiff Golden Unicorn Enterprises previously produced to Audible. The redactions are narrowly tailored to protect the privacy interests of non-litigants whose identities are not at issue in this litigation. Plaintiffs do not seek to maintain any documents entirely under seal.

In accordance with Section 7(C)(i), Plaintiffs contacted counsel for Audible early this afternoon to meet and confer in order to "narrow the scope of the request." Plaintiffs' represented to Audible that the documents had been produced to Audible and that the redactions would cover names and contact information of third-party vendors and of readers, as the parties have done with previous filings. Plaintiffs did not identify the specific documents, because Plaintiffs were finalizing their Brief. Audible responded that it was unable to take a position without knowing which documents were at issue. Plaintiffs believe that the meet-and-confer process is unlikely to "narrow the scope of the request," because Audible did not object when some of these documents were produced to Audible in redacted form, nor when Plaintiffs requested the filing of e-mails with similarly narrow redactions as exhibits to other briefs.

Both federal common law and the First Amendment establish a presumption of public access to judicial documents. *See In re New York City Policing During Summer 2020 Demonstrations*, 20-CV-8924-CM-GWG, 2022 WL 7886182, at *1 (S.D.N.Y. Oct. 14, 2022) (citing *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006)). A court weighing a motion to seal or redact documents must first determine the extent to which each one is a "judicial document," that is, whether it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The court must then weigh the presumption of access against countervailing interests such as privacy interests. *See id.* at *2.

**Identifying information of non-litigant readers (Exh. D)**

From the following e-mails, Plaintiffs have redacted the names, contact information, and other identifying information of readers.

- GUE_00005411, E-mail from reader to Annette Stone, a contractor for Plaintiff Golden Unicorn Enterpises, Inc., April 28, 2021. The reader sent Ms. Stone a link to an audiobook

review that she posted on Audible's website. The audiobook is of a novel by Jan Bonthu, owner and president of GUE.

- GUE_00005434, E-mail from Ms. Stone to reader, March 30, 2020. Here, Ms. Stone sends the reader a promotional code for one of Ms. Bonthu's books, which Audible provides to authors for this purpose.

- GUE_00005434, E-mail thread between Ms. Stone and reader, spanning from January 2020 through March 2020, discussing promotional codes, the content of Ms. Bonthu's audiobooks, and reviews.

**Identifying information of non-litigant audiobook producer (Exh. E)**

From the following thread of e-mails, Plaintiffs have redacted the names, contact information, and other identifying information of readers.

- GUE_00005434, E-mail thread between Ms. Stone, a producer of German-language audiobooks, and GUE Vice President Srikanth Bonthu, December 14 through December 21, 2021. The producer volunteers its production prices and publishing conditions, and Ms. Stone relays the information to Mr. Bonthu.

Plaintiffs have redacted the readers' and producer's names, e-mail addresses, and information such as precise office locations that would readily identify them. These people's and production company's names are not cited in Plaintiffs' briefing, and their names and other identifying information are of limited "relevan[ce] to the performance of the judicial function and useful in the judicial process." *In re New York City Policing*, 2022 WL 7886182, at *1. To the extent the Court considers this information at all, its importance to the Court's ruling on class certification is likely to be outweighed the privacy interests of individuals who have not elected to participate as litigants. *Id.* at *2.

Respectfully,

Chris Bagley
Gary Jackson
Law Offices of James Scott Farrin
555 S. Mangum Street, Suite 800
Durham, NC 27701
(919) 287-5037
cbagley@farrin.com

Mitchell M. Breit
Leland Belew
Milberg Coleman Bryson Phillips & Grossman
One Pennsylvania Plaza, Floor 50
New York, NY 10119
(347) 668-8445
mbreit@milberg.com

P. Renée Wicklund
Richman Law & Policy
535 Mission Street
San Francisco, CA 94105
(415) 259-5688
rwicklund@richmanlawpolicy.com

*Counsel for Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, LLC*

CC: Counsel of Record via CM/ECF