

**North Carolina**  **South Carolina**
Asheville   New Bern      Greenville
Charlotte   Raleigh
Durham      Roanoke Rapids
Fayetteville Rocky Mount
Goldsboro   Sanford
Greensboro  Wilmington
Greenville  Wilson
Henderson   Winston-Salem

LAW OFFICES OF

www.farrin.com

555 South Mangum Street, Suite 800
Durham, North Carolina, 27701
(800) 220-7321 (P)
(800) 716-7881 (F)

Tax ID: 56-2046742

March 30, 2023

**By CM/ECF**

The Honorable Jesse M. Furman
United States District Judge for the Southern District of New York
Thurgood Marshall Courthouse
40 Centre Street, Room 2202
New York, NY 10007

Re: *Golden Unicorn Enters., Inc. v. Audible, Inc.*, 1:21-cv-7059-JMF

Dear Judge Furman:

Plaintiffs write pursuant to Section 7(C) of Your Honor's Individual Rules and Practices in Civil Cases and Your Honor's Order, ECF No. 234, seeking leave for Defendant Audible to file a redacted version of one exhibit to Defendant Audible Inc.'s Reply Memorandum of Law in Support of its Renewed Motion for Spoliation Sanctions, ECF No. 236.

Both federal common law and the First Amendment establish a presumption of public access to judicial documents. *See In re New York City Policing During Summer 2020 Demonstrations*, 20-CV-8924-CM-GWG, 2022 WL 7886182, at *1 (S.D.N.Y. Oct. 14, 2022) (citing *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006)). A court weighing a motion to seal or redact documents must first determine the extent to which each one is a "judicial document," that is, whether it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). The court must then weigh the presumption of access against countervailing interests such as privacy interests. *See id.* at *2.

Plaintiffs do not seek to maintain any documents entirely under seal. Rather, Plaintiffs ask the Court to (1) allow Audible to file one exhibit to the motion with narrow redactions and (2) to maintain the seal over the unredacted version of that exhibit, which Audible filed on March 23, 2023.

Specifically, Plaintiffs have partially redacted the street addresses and home telephone numbers of Plaintiffs and their employees and vendors in ECF No. 236-2, excerpts from Plaintiffs' initial disclosures. Plaintiffs have redacted the street names and numbers of Jan Bonthu, president and owner of Plaintiff Golden Unicorn Enterprises ("GUE"); her husband, Srikanth Bonthu, vice president of GUE; former GUE marketing contractor Annette Stone; Ms. Bonthu's sister Sandra Retzlaff; Elizabeth Noble, manager and sole member of Plaintiff Big Dog Books; and her husband, Shawn Noble, while leaving their cities of residence unredacted. Plaintiffs have left the three-digit area codes unredacted but redacted the last seven digits of these individuals' home and cellular telephone numbers, as this information is not "relevant to the performance of the judicial function and useful in the judicial process." *In re New York City Policing*, 2022 WL 7886182, at *1. Audible's motion is unlikely to turn on the precise addresses or telephone numbers, and, to the extent the Court does consider this information, Plaintiffs' redactions allow the public to know the cities of residence without public

disclosure of information that creates a risk of intrusion by strangers into their homes (*i.e.*, precise home addresses and home and cellular telephone numbers). *See id.* at *2.

Respectfully,

| | |
|---|---|
| *[signature]* <br> Chris Bagley <br> Gary Jackson <br> Law Offices of James Scott Farrin <br> 555 S. Mangum Street, Suite 800 <br> Durham, NC 27701 <br> (919) 287-5037 <br> cbagley@farrin.com | Mitchell M. Breit <br> Leland Belew <br> Milberg Coleman Bryson Phillips & Grossman <br> One Pennsylvania Plaza, Floor 50 <br> New York, NY 10119 <br> (347) 668-8445 <br> mbreit@milberg.com <br><br> P. Renée Wicklund <br> Richman Law & Policy <br> 535 Mission Street <br> San Francisco, CA 94105 <br> (415) 259-5688 <br> rwicklund@richmanlawpolicy.com |

*Counsel for Plaintiffs Golden Unicorn Enterprises, Inc., and Big Dog Books, LLC*

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 238.

SO ORDERED.

*[signature]*

March 31, 2023