

1191 Second Avenue     206.389.4510
10th Floor     Fenwick.com
Seattle, WA 98101

Brian D. Buckley
BBuckley@fenwick.com  |  206.389.4515

April 5, 2023

**VIA ECF**

The Honorable Jesse M. Furman
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: <u>Golden Unicorn Enterprises, Inc. et al. v. Audible, Inc., Case No. 1:21-cv-07059-JMF</u>

Your Honor:

Pursuant to the parties' agreed-upon procedure (*see* ECF No. 241), Audible respectfully seeks leave to file certain exhibits from its Opposition to Plaintiffs' Motions to Exclude Opinions of John Rodzvilla and Juli Saitz under seal or in redacted form. All redactions that Audible seeks in this letter motion have previously been requested in prior motions to seal, as detailed below. Further, pursuant to the parties' procedure, Audible seeks to preliminary seal its Opposition and all exhibits pending Plaintiffs' review and potential motion to seal or redact. *See* ECF No. 241.

As discussed in Audible's letter-motion to seal materials from Plaintiffs' Motion for Class Certification (*see* ECF No. 144), although there is a presumption of public access, a court must balance "countervailing factors," including privacy interests as well as confidential and proprietary business information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500 (GHW), 2021 WL 1222122, at *4-6 (S.D.N.Y. Mar. 31, 2021); *Lexington Furniture Indus., Inc. v. Lexington Co.*, AB, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

Here, Audible seeks to file under seal or redact two types of confidential information: (1) documents or information that contain sensitive business information, or information that could cause competitive harm; and (2) prior expert work for non-parties that does not bear on Audible's Opposition to Plaintiffs' Motions to Exclude Opinions of John Rodzvilla and Juli Saitz. *See* ECF No. 144 (citing cases).

- **Reports of Plaintiffs' Proposed Experts** (Exs. 2 and 5): Audible seeks narrow redactions from the reports of Plaintiffs' proposed experts. The redactions contain highly sensitive information from Audible's documents and depositions of Audible witnesses and are the same redactions Audible sought in relation to Plaintiffs' Motion for Class Certification, *see* ECF Nos. 144, 148-5, 148-6; Audible's Opposition

to Plaintiffs' Motion for Class Certification, *see* ECF Nos. 163, 164-30, 164-32 and Audible's Motion for Summary Judgment, *see* ECF Nos. 188, 191-2, 191-39.

- o **Report of Thad McIlroy** (Ex. 2): Audible's proposed redactions include the number of ACX creators, discussions about internal strategy and analysis, confidential information about publishers that are not parties to this lawsuit, and internal information about Audible's royalties calculations.  *See* ECF Nos. 144, 148-5 (same redactions proposed for Plaintiffs' Motion for Class Certification); 163, 164-30 (same redactions proposed for Audible's Opposition to Plaintiffs' Motion for Class Certification); 188, 191-2 (same redactions proposed for Audible's Motion for Summary Judgment).

- o **Report of Joseph Egan** (Ex. 5): Audible's proposed redactions are limited to confidential information about Audible's internal financial systems, processes, and calculations, including information about royalty earners that are not parties to this litigation.  These are the same redactions Audible sought when this report was previously filed.  *See* ECF Nos. 144, 148-6 (same redactions proposed for Plaintiffs' Motion for Class Certification); 163, 164-32 (same redactions proposed for Audible's Opposition to Plaintiffs' Motion for Class Certification); 188, 191-39 (same redactions proposed for Audible's Motion for Summary Judgment).

- **Reports of Audible's Experts** (Exs. 1 and 4): Audible seeks narrow redactions from the reports of Audible's experts.  The redactions contain highly sensitive information from Audible's documents and information regarding Ms. Saitz's prior expert work, and are the same redactions Audible sought in relation to Plaintiffs' Motions to Exclude Opinions of John Rodzvilla and Juli Saitz.  *See* ECF Nos. 208, 211-1, 211-2, 213-1, and 213-3.

    - o **Report of John Rodzvilla** (Ex. 1): Audible seeks narrow redactions to portions of the Expert Report of John Rodzvilla that contain return percentages. These redactions protect confidential, sensitive business information that, if made public, could threaten competitive harm.  Audible has previously moved to redact these percentages from Plaintiffs' Motion for Class Certification (*see* ECF Nos. 144, 148) and has also proposed the same redactions for Plaintiffs' Motion to Exclude Opinions of John Rodzvilla (*see* ECF Nos. 208, 211-1, 211-2).

    - o **Report of Juli Saitz** (Ex. 4): Audible seeks narrow redactions of portions of the Saitz Report that contain return percentages.  These redactions protect confidential, sensitive business information that, if made public, could threaten competitive harm.  Audible has previously moved to redact these percentages from Plaintiffs' Motion for Class Certification (*see* ECF Nos. 144,

Page 3

148).  In addition to the percentages, Audible also seeks to redact Ms. Saitz's non-public expert work from the past five years, which is included in Exhibit 1 to the Saitz report.  This contains Ms. Saitz's and non-parties' confidential business information, which has no relation to this case.  Audible proposed the same redactions for Plaintiffs' Motion to Exclude Opinions of Juli Saitz (*see* ECF Nos. 208, 213-1, 213-3).

- **Deposition of Juli Saitz** (Ex. 8): Audible seeks narrow redactions of portions of the deposition transcript of Juli Saitz that contains return percentages.  These redactions protect confidential, sensitive business information that, if made public, could threaten competitive harm.  Audible has previously moved to redact these percentages from Plaintiffs' Motion for Class Certification (*see* ECF No. 144, 148).  Audible has also proposed the same redactions for Plaintiffs' Motion to Exclude Opinions of Juli Saitz (*see* ECF Nos. 208, 213-2, 213-4).

We are happy to provide any additional information that may be useful to the Court.

Respectfully,

FENWICK & WEST LLP

*/s/ Brian D. Buckley*

Brian D. Buckley

cc: All counsel of record (via ECF)

The motion to seal is granted temporarily.  The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 244.

SO ORDERED.

*[signature]*

April 10, 2023