

1191 Second Avenue
10th Floor
Seattle, WA 98101

206.389.4510
Fenwick.com

Brian D. Buckley
BBuckley@fenwick.com | 206.389.4515

April 14, 2023

**VIA ECF**

The Honorable Jesse M. Furman
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re:     <u>Golden Unicorn Enterprises, Inc. et al. v. Audible, Inc., Case No. 1:21-cv-07059-JMF</u>

Your Honor:

Pursuant to the parties' agreed-upon procedure (*see* ECF No. 241), Audible respectfully seeks leave for Plaintiffs to file (1) a redacted version of their Opposition to Audible's Motion for Summary Judgment ("MSJ Opposition" or "MSJ Opp'n"); (2) a redacted version of their Responses to Audible's Statement of Undisputed Material Facts and their Counterstatement of Undisputed Material Fact ("PSUMF"); (3) certain exhibits from the PSUMF under seal; (4) a redacted version of their Opposition to Audible's Motions to Exclude Opinions of Thad McIlroy and Joseph Egan ("*Daubert* Opposition" or "*Daubert* Opp'n"); and (5) certain exhibits from their *Daubert* Oppositions under seal.

As discussed in Audible's letter-motion to seal materials from Plaintiffs' Motion for Class Certification (*see* ECF No. 144), although there is a presumption of public access, a court must balance "countervailing factors," including privacy interests as well as confidential and proprietary business information.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500 (GHW), 2021 WL 1222122, at *4-6 (S.D.N.Y. Mar. 31, 2021); *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

Here, Audible seeks to file under seal or redact two types of confidential information: (1) documents or information that contain sensitive business information, or information that could cause competitive harm; and (2) personal information of non-parties that does not bear on Plaintiffs' motions.  *See* ECF No. 144 (citing cases).

As discussed below, in certain documents, personally identifiable information about third parties and unrelated individuals was redacted when these documents were produced. Audible seeks to maintain these redactions, as these individuals' identities are unrelated to Plaintiffs' motions.  If the Court would like to see the unredacted documents, Audible can provide them.

- **Plaintiffs' Opposition to Audible's Motion for Summary Judgment and Responses to Audible's Statement of Undisputed Material Facts** (ECF Nos. 247, 249): Audible seeks narrow redactions of Plaintiffs' MSJ Opposition and PSUMF, specifically personally identifiable information about individuals, internal financial information regarding returns, and references to exhibits and deposition testimony about confidential internal business practices and discussions.  These redactions seek to protect information about non-parties to this litigation and confidential, sensitive business information that, if made public, could threaten competitive harm.

- **Reports of Plaintiffs' Proposed Experts** (MSJ Opp'n Exs. H and O): Audible seeks narrow redactions from the reports of Plaintiffs' proposed experts.  The redactions contain highly sensitive information and are the same redactions Audible sought in relation to Plaintiffs' Motion for Class Certification, *see* ECF Nos. 144, 148-5, 148-6; Audible's Opposition to Plaintiffs' Motion for Class Certification, *see* ECF Nos. 163, 164-30, 164-32; Audible's Motion for Summary Judgment, *see* ECF Nos. 188, 191-2, 191-39; Audible's Motion to Exclude Opinion of Thad McIlroy, *see* ECF Nos. 188, 195-1, 195-6; Audible's Motion to Exclude Opinion of Joseph Egan, *see* ECF Nos. 188, 198-1, 198-10; and Audible's Opposition to Plaintiffs' Motions to Exclude Opinions of John Rodzvilla and Juli Saitz, *see* ECF Nos. 244, 245-2, 245-5.

- **Audible Employee Deposition Transcripts** (MSJ Opp'n Exs. Q, U): Audible also seeks narrow redactions of transcripts of deposition testimony of Audible's employees.

    - **Deposition Testimony of Diana Dapito** (MSJ Opp'n Ex. Q): The proposed redactions include internal processes, decisions, and other information about Audible's return policy, as well as the names of Audible employees.

    - **Deposition Testimony of Ryan Eland** (MSJ Opp'n Ex. U): The proposed redactions include internal information about returns processing and information pertaining to internal business decisions.  Audible previously moved to redact most of this information when moving to seal exhibits from Plaintiffs' Reply in support of their Motion for Class Certification.  *See* ECF Nos. 178, 181-8.  The rest of the information from this testimony that Audible seeks to redact quotes from and discusses a confidential internal email for which Audible requests sealing (MSJ Opp'n Ex. T).

- **Plaintiffs' Royalties Data** (MSJ Opp'n Ex. F): Audible seeks to file under seal a document containing detailed royalties information for one of the named Plaintiffs.

- **Plaintiffs' Contract with Audible** (MSJ Opp'n Ex. K): Audible seeks narrow redactions of one of the named Plaintiffs' contracts with Audible.  Specifically, Audible seeks to redact personally identifiable information of Audible employees and specific contract information, as the disclosure of certain contract terms could cause

Page 3

significant competitive harm.  Plaintiffs do not rely on this information in the PSUMF.  *See* PSUMF at ¶ 75.

- **Internal Financial Analysis and Figures** (MSJ Opp'n Ex. Z): Audible seeks to file under seal a document containing highly sensitive financial data, specifically ACX's global purchases and returns data from 2015 to 2021, including royalties, disclosure of which could cause significant competitive harm.  Audible previously moved to seal the data contained in this document when moving to seal exhibits from its Opposition to Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 163, 164-26.

- **Internal Strategy and Analysis Documents** (MSJ Opp'n Exs. I, P, T, X, Y, AA, BB, JJ, KK, LL, MM, NN, OO): Audible seeks to seal certain Audible documents, all produced as highly confidential, containing sensitive internal strategy, analysis, and financial information that could cause competitive harm.  The confidential information that Audible seeks to seal is largely not relevant to Plaintiffs' MSJ Opposition.  *See Kewazinga*, 2021 WL 1222122, at *4; *In re SunEdison*, 2019 WL 126069, at *2.  To the extent the Court does not grant Audible's motion to seal these exhibits, Audible seeks redactions of names and emails of Audible employees, as highlighted.

    o **Internal Audible Presentations and Reports Regarding the Great Listen Guarantee and Returns** (MSJ Opp'n Exs. I, X): Audible seeks to seal these highly confidential internal documents about Audible's return policy, including financial metrics, market research, business impact, and recommendations.

    o **Internal Emails and Chats Regarding Returns and Exchanges** (MSJ Opp'n Exs. P, T, Y, LL, MM, OO): Audible seeks to seal internal correspondence reflecting confidential internal processes and decisions, as well as detailed sales, returns, and other financial information that, if made public, could threaten competitive harm.  Audible previously moved to seal Exhibit Y (filed as Exhibit P, ECF No. 249-16) when moving to seal exhibit from Plaintiffs' Motion for Class Certification, *see* ECF Nos. 144, 132-18, and Exhibit OO when moving to seal exhibits from Plaintiffs' Reply in support of their Motion for Class Certification.  *See* ECF Nos. 178, 181-6.

    o **Internal Emails and a Document Regarding ACX Updates** (MSJ Opp'n Exs. BB, JJ, KK, NN): Audible seeks to seal these internal email exchanges and a document containing sensitive communications about measures taken related to returns, payments, and other tasks, revealing sensitive, confidential internal processes.  Plaintiffs cite Exhibit BB only when discussing the ACX dashboard, *see* PSUMF at ¶¶ 131-32, and Audible does not seek to redact that discussion beyond personally identifiable information of an

>    Audible employee.  Audible previously moved to seal Exhibit BB when moving to seal exhibits from Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 144, 132-31.  For Exhibit JJ, Audible does not seek to redact the sentences corresponding to this exhibit—beyond the name and title of an Audible employee—in the PSUMF.  *See* PSUMF at ¶¶ 150, 154.  Audible previously moved to seal this information when moving to seal exhibits from Plaintiffs' Reply in support of their Motion for Class Certification.  *See* ECF Nos. 178, 181-2.  Personally identifiable information about third parties and unrelated individuals was redacted when these documents were produced.

- **Information About Non-Parties to the Litigation** (MSJ Opp'n Exs. A, D, L, V, W, AA, DD, EE): Audible seeks to redact information about non-parties to this litigation, which is not relevant to Plaintiffs' MSJ Opposition.  This includes customer information, authors, their titles, the names of Audible employees, Audible email addresses, and internal ticket numbers related to customer issues.  Audible seeks to redact only the names of Audible employees in the sentences citing to these exhibits in the PSUMF.  *See* PSUMF at ¶¶ 124, 126, 142, 143.  Certain personally identifiable information about the authors referenced in this exhibit was redacted when the document was produced.

    o **Deposition Transcripts** (MSJ Opp'n Exs. A, D, L): Audible seeks to redact the names of authors and Audible employees that appear in the exhibit lists of these deposition transcripts.

    o **Customer Service Transcripts** (MSJ Opp'n Ex. V): Audible seeks to redact personally identifiable information about customers and employees.

    o **Compilation of Internal Communications Regarding Reactive Communications** (MSJ Opp'n Exs. W, DD): Audible seeks to redact customer information, author names and titles, names and email addresses of Audible employees, and internal ticket numbers related to customer issues.  Audible previously moved to redact this information when moving to seal exhibits from Plaintiffs' Reply in support of their Motion for Class Certification.  *See* ECF Nos. 178, 181-10.

    o **Dashboard Before and After Demonstration** (MSJ Opp'n Ex. AA): Plaintiffs cite this document in the PSUMF to describe the ACX dashboard, and Audible does not seek redaction of that description.  *See* PSUMF ¶¶ 131-32.  Audible requests to redact the information about non-party authors contained in this exhibit: names, audiobook titles, and book release dates.  Audible previously moved to seal this exhibit when moving to seal exhibits from Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 144, 148-8.

- o **Compilation of Correspondence with Authors regarding Returns** (MSJ Opp'n Ex. EE): Audible seeks to redact personally identifiable information about non-parties to this litigation, specifically Audible customers, authors, and employees.  Audible previously moved to redact pages 2-3, 6-7, 9-16 of this exhibit when moving to seal exhibits from Plaintiffs' Reply in support of their Motion for Class Certification.  *See* ECF Nos. 178, 181-5.

- **Draft Correspondence with Author Group** (MSJ Opp'n Ex. FF): Audible seeks to redact Audible employee names and a portion of this exhibit containing a draft communication in response to an email from Romance Writers of America (RWA). Audible does not seek to seal the email that it received, which is the only portion of this exhibit on which Plaintiffs rely.  *See* PSUMF at ¶ 145.  Audible previously moved to redact this information when moving to seal exhibits from Plaintiffs' Reply in support of their Motion for Class Certification.  *See* ECF Nos. 178, 181-4.  Personally identifiable information about the sender of the email was redacted when the document was produced.

- **Correspondence from Unrelated Third-Party** (MSJ Opp'n Ex. GG): Audible seeks to seal this confidential email thread with an unrelated third-party reflecting negotiation and business strategy.  When outside parties email Audible, they expect the contents to remain within Audible and not be publicly filed.  Audible previously moved to seal this information when moving to seal exhibits from Plaintiffs' Reply in support of their Motion for Class Certification.  *See* ECF Nos. 178, 181-3.

- **Plaintiffs' Opposition to Audible's Motions to Exclude Opinions of Thad McIlroy and Joseph Egan** (ECF No. 246): Audible seeks to redact one sentence from Plaintiffs' Opposition citing to a portion of the Report of Joseph Egan for which Audible requests and has previously requested sealing (MSJ Opp'n Ex. O).  *See* ECF Nos. 144, 148-6; 163, 164-32; 188, 191-39, 195-6, 198-1; 244, 245-5.  Specifically, this sentence contains confidential information about Audible's internal financial processes and calculations.

- **Thad McIlroy and Joseph Egan Deposition Transcripts** (*Daubert* Opp'n Exs. A, B): Plaintiffs cite only portions of these transcripts in their *Daubert* Opposition but have attached the entire transcripts as Exhibits A and B.  Audible does not seek redactions of any portions of the cited pages but seeks narrow redactions (highlighted in blue) of other portions of the transcripts that quote or reference portions of Mr. McIlroy and Mr. Egan's reports for which Audible has requested sealing.

We are happy to provide any additional information that may be useful to the Court.

Respectfully,

FENWICK & WEST LLP

*/s/ Brian D. Buckley*

Brian D. Buckley

cc: All counsel of record (via ECF)

The motion to seal is granted temporarily.  The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 256.

SO ORDERED.

April 17, 2023