
1191 Second Avenue  
10th Floor  
Seattle, WA 98101

206.389.4510  
Fenwick.com

Brian D. Buckley  
BBuckley@fenwick.com  |  206.389.4515

May 5, 2023

**VIA ECF**

The Honorable Judge Furman  
Southern District of New York  
40 Centre Street, Room 2202  
New York, NY 10007

Re:  <u>Golden Unicorn Enterprises, Inc. et al. v. Audible, Inc., Case No. 1:21-cv-07059-JMF</u>

Your Honor:

Pursuant to the parties' agreed-upon procedure (*see* ECF No. 254), Audible respectfully seeks leave to file sealed and redacted versions of (1) an exhibit from its Reply in support of its Motion for Summary Judgment ("MSJ Reply"); and (2) its Responses to Plaintiffs' Statement of Undisputed Material Facts ("PSUMF Responses").  Further, pursuant to the parties' procedure, Audible seeks to preliminary seal its MSJ Reply, its PSUMF Responses, its Reply in support of its Motions to Exclude the Testimony of Thad McIlroy and Joseph Egan, and the accompanying appendices, exhibits, and declarations, pending Plaintiffs' review and potential motion to seal or redact.  *See* ECF No. 254.

As discussed in Audible's letter-motion to seal materials from Plaintiffs' Motion for Class Certification (*see* ECF No. 144), although there is a presumption of public access, a court must balance "countervailing factors," including privacy interests as well as confidential and proprietary business information.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500 (GHW), 2021 WL 1222122, at *4-6 (S.D.N.Y. Mar. 31, 2021); *Lexington Furniture Indus., Inc. v. Lexington Co.*, AB, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021).

Here, Audible seeks to file under seal two types of confidential information: (1) information that contains sensitive business information or information that could cause competitive harm; and (2) personal information of non-parties that does not bear on Audible's motions.  *See* ECF No. 144 (citing cases); *see, e.g.*, *Kewazinga*, 2021 WL 1222122, at *4-6.

- **Audible's Responses to Plaintiffs' Statement of Undisputed Material Facts**: Audible seeks narrow redactions of personally identifiable information about individuals, internal financial information regarding returns, and references to exhibits and deposition testimony about confidential internal business practices and discussions.  These redactions seek to protect information about non-parties to this litigation and confidential, sensitive business information that, if made public, could threaten

Page 2

competitive harm.  Redactions to Plaintiffs' numbered statements are the same redactions Audible sought in relation to Plaintiffs' Statement of Undisputed Material Facts, *see* ECF Nos. 256, 263.

- **Customer Service Email Chain** (MSJ Reply Ex. 45): Audible seeks to redact information about non-parties to this litigation, which is not relevant to Audible's MSJ Reply.  This includes the names and email addresses of Audible employees.  Certain personally identifiable information about the sender of the original email in this exhibit was redacted when the document was produced.  If the Court would like to see the unredacted document, Audible can provide it.

We are happy to provide any additional information that may be useful to the Court.

Sincerely,

FENWICK & WEST LLP

*/s/ Brian D. Buckley*

Brian D. Buckley

cc: All counsel of record (via ECF)

The motion to seal is granted temporarily.  The Court will assess whether to keep the materials at issue redacted or under seal when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 265.

SO ORDERED.

May 8, 2023